THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES LIDDELL, Defendant-Appellee.

(No. 59066;

First District (5th Division)—May 17, 1974.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Barry Rand Elden, and Michael J. Polelle, Assistant State's Attorneys, of counsel), for the People.

Herbert R. Goldstein, of Chicago (Herbert N. Sirott and Barry Kramer, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal by the State from an order vacating the suspension of defendant's driver's license.

On appeal, the State contends that (1) the Illinois implied consent statute, sec. 11—501.1 of the Illinois Vehicle Code (S.H.A. 1973, ch. 95½, par. 11—501.1) provides for the mandatory suspension of driving privileges where a person refuses a breathalyzer test and then fails to request a hearing within the 28-day period provided by the statute; and (2) after a suspension under those circumstances, the trial court does not have the power to vacate.

Defendant was arrested on December 9, 1972, and charged with driving under the influence of intoxicating liquor and improper lane usage. It appears that after being informed of his rights under the statute, defendant refused to submit to the breathalyzer test provided therein.

After such a refusal, the statute provides for a series of actions which are separate from a trial on the charge of driving under the influence of intoxicating liquor. They are: first, that the arresting officer "shall file" with the clerk of the circuit court a sworn statement which, among other things, informs the clerk that a breathalyzer test was refused; second, that the clerk "shall thereupon notify" the person refusing the test that, unless he requests in writing a hearing concerning his refusal within 28 days of the mailing of the clerk's notice, his driving privileges will be suspended; and third, if no hearing is requested within the 28-day period, the clerk "shall so notify the Secretary of State who shall automatically suspend such person's driver's license * * *."

Defendant appeared in court on January 11, 1973, the trial date for the two charges which had been placed against him by the arresting

officer, but the case was continued until February 14, 1973. On that date defendant's attorney informed the court that defendant had appeared without counsel at the January 11 hearing and had been told by the court "that everything would come up on the 14th" and that defendant didn't know a separate hearing was required on his refusal to take the test. On these representations the trial court granted defendant a hearing on his refusal and, on the testimony of defendant to the same effect, the court vacated the suspension of his license.

OPINION

The principle question presented here concerns the power of the court to vacate the suspension of defendant's driver's license where no request was made within the 28-day period for a hearing on his refusal to take a breathalyzer test, required by the implied consent statute.

■■ We initially note that it is clear that the statute provides that where there has been no timely request for a hearing concerning the refusal of a breathalyzer test, the Secretary of State "shall automatically suspend" the license of the person refusing the test (sec. 11.501.1(d)). In construing statutes, courts have generally held the word "shall" to be mandatory, particularly when the word is addressed to a public official, as it is here. (*Schmidt v. Powell,* 4 Ill.App.3d 34, 280 N.E.2d 236.) Whether the word "shall" is mandatory or discretionary generally depends on the legislative intent. (*Cooper v. Hinrichs,* 10 Ill.2d 269, 140 N.E.2d 293.) Here, a reading of the provisions of the implied consent statute which requires that the arresting officer "shall" file a sworn statement, that the clerk "shall thereupon" notify the person refusing the test, and that the clerk "shall" notify the Secretary of State, who "shall" automatically suspend the license, compels the conclusion that the word "shall" was intended by the legislature to be mandatory.

We note also that the record does not include the original or a copy of the clerk's statutory notice to the defendant, informing him of his right to request a hearing. There is, however, a form in the record entitled, "Court Action and Other Orders", which contains the following entries:

"12-9    Report and Affidavit of Arresting Officer filed.

12-12    Clerk's Notice to driver given as shown by copy of Notice with Certificate of Mailing attached.

\*    \*    \*

1-12-73    Notice given the Secretary of State."

■■ It appears from these entries that the notice to defendant was dated and mailed on December 12, 1972, in which event the 28-day period to request a hearing ended on January 9, 1973, which of course was 2 days prior to the first hearing on January 11, 1973. In view thereof and con-

sidering that there is apparently no question that defendant received the Clerk's notice and that no request was made for a hearing on his refusal within 28 days after mailing of the Clerk's notice, we are of the opinion that the trial court improperly granted a hearing to defendant on February 14, 1973, concerning his refusal to submit to the statutory test and that it erroneously vacated the suspension of defendant's driver's license.

■■ Defendant contends the trial court had the power to review the action of the Secretary of State. He points out that sec. 2—118(e) of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 2—118(e)) provides that the action of the Secretary of State in suspending any license shall be subject to judicial review in the circuit court. Sec. 2—118(e) does so provide for judicial review, but goes on to provide: "and the provisions of the 'Administrative Review Act' * * * are hereby adopted and shall apply to and govern every action for the judicial review of final acts or decisions of the Secretary of State hereunder." Here, however, we are concerned with the vacation by the trial court of the suspension of defendant's driver's license. Under these circumstances, we believe that the review of this suspension should have been under the provisions of the Administrative Review Act.

For the reasons stated, the judgment is reversed and remanded with directions to reinstate the suspension of defendant's driver's license.

· Reversed and remanded with directions.

DRUCKER and LORENZ, JJ., concur.