THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ANTO NIKIC, Defendant-Appellee.

Second District   No. 78-136

Opinion filed December 4, 1978.

William J. Cowlin, State's Attorney, of Woodstock, for the People.

No appearance for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal by the State from the ruling of the circuit court of McHenry County finding no probable cause to suspend the defendant's driver's license.

The defendant was arrested for driving while intoxicated. He was taken to the police station and requested to take a breathalyzer test but refused to do so. He was given notice pursuant to section 11—501.1 of the Illinois Vehicle Code (implied consent statute) (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1), which provides that the arresting officer shall file

with the circuit court clerk, following a person's refusal to take the test, a sworn statement identifying the person refusing to take such test and the time and place where such person is believed to have been driving while intoxicated. The statute further provides:

"The Clerk shall thereupon notify such person in writing that his privilege to operate a motor vehicle will be suspended unless, within 28 days from the date of mailing of the notice, he shall request in writing a hearing thereon. If such person fails to request a hearing within such 28 day period, the Clerk shall so notify the Secretary of State who shall automatically suspend such person's driver's license * * * ."

Following the defendant's refusal to take the breathalyzer test and his notice from the circuit court clerk of the consequences thereof the defendant failed to request a hearing during the 28-day period specified in the statute. The notice was given to him on August 22, 1977, by the circuit court clerk and the defendant did not request a hearing until October 14, 1977. The trial court set the hearing for November 23, 1977. At that time the State's Attorney appeared and objected to the hearing on the ground that the 28 days specified in the statute having expired, the trial court no longer had jurisdiction to hold a hearing on the question of suspending the defendant's driver's license. It appears, however, from the report of proceedings that by some oversight the notice had not been sent to the Secretary of State by the circuit court clerk as specified in the statute and the driver's license, which is normally sent to the Secretary of State along with such notice, was still in the possession of the circuit court clerk on the date of the hearing.

Since the notice had not been sent and the court still retained possession of the defendant's driver's license, the court ruled that it still retained jurisdiction to conduct a hearing. The State's Attorney, after arguing his position as to the question of jurisdiction, stood on his argument and refused to go forward with any evidence. The court thereupon found there was no probable cause to suspend the defendant's driver's license.

The only question before us is whether the quoted statute is self-executing so as to bring about a suspension of the defendant's driver's license by the expiration of the 28-day period set out in the statute, or whether such license is not suspended until the Secretary of State acts to do so pursuant to notice from the circuit court clerk.

We believe the sounder view is that taken under similar circumstances in *People v. Liddell* (1974), 19 Ill. App. 3d 794. In that case the defendant requested a hearing on suspension of his driving privileges only 2 days after the 28-day period had run. The defendant had been arrested on December 9 and refused to take the breathalyzer test at that

time. On December 12 the circuit court clerk gave him notice, as per statute, as to the consequences of his refusal. The 28-day period expired on January 9. Thereafter, on January 11, the defendant requested and was granted a hearing by the circuit court, which was set for January 14. Meanwhile, on January 12, the circuit court clerk sent the notice to the Secretary of State notifying him of the defendant's refusal to take the breathalyzer test and his failure to make timely request for a hearing. On January 14 the defendant appeared in court and upon his explaining to the court that he had been under a misapprehension as to the date he was required to request a hearing, the court vacated the suspension of his driver's license.

■■ On appeal by the State the appellate court held the trial court was without power to vacate the suspension, after the 28-day period had expired. The court said:

> "We initially note that it is clear that the statute provides that where there has been no timely request for a hearing concerning the refusal of a breathalyzer test, the Secretary of State 'shall automatically suspend' the license of the person refusing the test (sec. 11.501.1(d)). In construing statutes, courts have generally held the word 'shall' to be mandatory, particularly when the word is addressed to a public official, as it is here. (*Schmidt v. Powell*, 4 Ill. App. 3d 34, 280 N.E.2d 236.) Whether the word 'shall' is mandatory or discretionary generally depends on the legislative intent. (*Cooper v. Hinrichs*, 10 Ill. 2d 269, 140 N.E.2d 293.) Here, a reading of the provisions of the implied consent statute which requires that the arresting officer 'shall' file a sworn statement, that the clerk 'shall thereupon' notify the person refusing the test, and that the clerk 'shall' notify the Secretary of State, who 'shall' automatically suspend the license, compels the conclusion that the word 'shall' was intended by the legislature to be mandatory." 19 Ill. App. 3d 794, 796.

■■■ Following this view, we are of the opinion that the circuit court had no authority to conduct a hearing pursuant to defendant's request, made after the expiration of the 28-day period specified in the statute. Defendant, by not demanding a hearing within 28 days, has waived his right to a hearing and the clerk, by his failure to carry out his duty, cannot extend the 28 days. Also, the 28 days having expired, by operation of section 11—501.1 of the Illinois Vehicle Code, the defendant had already had his driving privileges suspended and the court was without jurisdiction to decide the question.

The judgment of the circuit court of McHenry County is therefore reversed and the cause remanded with directions to require the circuit court clerk to notify the Secretary of State in accordance with the

provisions of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1).

Judgment reversed and remanded with directions.

NASH and WOODWARD, JJ., concur.