THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EUGENE NEWBERRY, Defendant-Appellee.
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DANIEL BIRCH, Defendant-Appellee.
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LAWRENCE HITZ, Defendant-Appellee.

Third District   Nos. 3—83—0492, 3—83—0493, 3—83—0494 cons.

Opinion filed February 10, 1984.

Tony L. Brasel, State's Attorney, of Watseka, for the People.

Frank J. Simutis, of Ackman, Marek, Boyd and Simutis, Ltd., of Watseka, for appellee Lawrence Hitz.

Susan Sumner Tungate, of Watseka, for appellee Daniel Birch.

JUSTICE SCOTT delivered the opinion of the court:

This is an appeal involving three cases which were consolidated for hearing by the circuit court of Iroquois County and which are also consolidated for disposition by this court.

The defendants, Newberry, Birch and Hitz, were all arrested at different times and given a citation for driving under the influence of liquor in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501). Each defendant refused to submit to a breath analysis after being advised that such a refusal would result in the suspension of the privilege to operate a motor vehicle. The circuit clerk, after being notified of each defendant's refusal, notified each defendant in writing that his driving privileges would be suspended unless a hearing was requested in writing within 28 days in accordance with section 11—501.1(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c)). Within the 28-day period each defendant notified the circuit clerk in writing of his request for a hearing on the arresting officer's statement.

A consolidated hearing of the three cases was held and counsel for the defendants moved for dismissal on the grounds that the report of the arresting officer in each case was not sworn to before a notary public or the circuit clerk of Iroquois County. The State moved to amend the report by allowing each arresting officer to swear to the report at the hearing. Testimony was presented which included that

of the three arresting officers. At the conclusion of the hearing the trial court granted the defendant's motion to dismiss and denied the State's motion to amend the reports of the arresting officers. This appeal ensued.

A single issue is presented, being whether the trial court erred in denying the State the right to have the arresting officers affirm their statement prior to the implied consent hearing and therefore further erred in granting the defendants' motions to dismiss.

The pertinent portion of the statutory provision in question contained in the Illinois Vehicle Code reads as follows:

> "[T]he law enforcement officer shall file with the clerk of the circuit court for the county in which the arrest was made, a sworn statement naming the person refusing to take and complete the test or tests requested under the provisions of this Section." (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c).)

The record discloses that the trial court determined that the word "shall" in the statutory provision heretofore set forth dictated a finding that it was mandatory that the statements filed by the arresting officer be sworn to at the time of filing. In reaching this conclusion the court relied on the case of *People v. Liddell* (1974), 19 Ill. App. 3d 794, 313 N.E.2d 248, and two cases from foreign jurisdictions. As to the cases from foreign jurisdictions, we find them inapplicable in that they involved statutes which procedurally were substantially different from that in question in the cases under consideration. As to the *Liddell* case, we note that by way of *dictum* the word "shall" as used in section 11—501.1(d) of the Illinois Vehicle Code was held to be mandatory. *Liddell* also dealt with a situation unlike that presented in the instant cases in that the reviewing court determined that the word "shall" mandated the revocation of a motorist's license to drive where the motorist did not request a hearing within the statutory 28-day period.

The controlling case of the issue presented is that of *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 431 N.E.2d 450. In *Rehfeldt* the arresting officer failed to file a sworn report of a motorist's refusal to submit to a breath test. The motorist requested a hearing and submitted to the jurisdiction of the court. The arresting officer testified under oath. The motorist made a motion for directed verdict which was based upon the evidence that the officer's report was not verified. The trial court ruled against the defendant motorist, finding that he had submitted to the jurisdiction of the court and any defects in the officer's report were cured by the officer's sworn testimony supporting the finding of probable cause. The reviewing court noted that the

motorist was not deprived of any of his driving privileges until after he had been given a hearing after adequate notice and with the opportunity to be represented by counsel.

While *Rehfeldt* is not factually identical with those presented in the instant case, its holding establishes a premise from which it can be logically concluded that if sworn testimony cures the failure to file a sworn report with the clerk then the motorist who submits to the court's jurisdiction will not be deprived of any due process rights if the report is sworn to by the arresting officer prior to the commencement of the hearing.

For the reasons set forth the judgment of the trial court in each of the cases involved in this appeal is reversed and the cases are remanded to the circuit court of Iroquois County for a hearing on the merits as provided for by the Illinois Vehicle Code.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.