THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ROBERT GADDI, Defendant-Appellee.

First District (4th Division)   No. 85—0217

Opinion filed May 29, 1986.—Rehearing denied June 26, 1986.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Peter D. Fischer, Assistant State's Attorneys, of counsel), for the People.

James J. Ahern, of Connelly & Ahern, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

After the defendant was arrested for driving under the influence of alcohol, the trial judge granted his motion to dismiss the report of his refusal to take a breathalyzer test. The State now appeals that determination, asserting that the trial judge erred both in finding that the defendant was entitled to consult with an attorney before deciding whether to submit to a breathalyzer test, and in finding that there was not probable cause to stop the defendant initially. The defendant denies these claims, and also responds that where the arresting police officer failed to file the statutorily required sworn report of refusal before the hearing (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), the trial judge erred in permitting the officer to swear to that report at the hearing itself.

We reverse and remand.

At the implied-consent hearing, the arresting Wilmette police officer testified that at 2 a.m. on October 31, 1984, he saw the defendant driving 55 miles per hour in a 35-mile-per-hour zone, weaving from lane to lane, and driving with his bright lights on. When the defendant got out of his car, he held onto the roof to support himself, had difficulty producing his driver's license, spoke with slurred speech, and had a strong odor of alcohol on his breath. After the defendant also had difficulties with the field-sobriety tests, the officer arrested him for driving under the influence of alcohol and took him to the police station. When the defendant was given his rights and asked whether he wanted to

take the breathalyzer test, the defendant said he wanted to speak to his attorney. After the officer explained that this right attached after the breathalyzer decision and said he considered the defendant's statement a refusal, the defendant replied that he did not want to take the test. The officer then filed the statutory report-of-refusal form, though he did not swear to it. At this point in the hearing, the State asked to have the officer sworn under oath as to the veracity of the affidavit of arrest. The trial judge "preserved" defense counsel's objection and permitted the officer to swear to the validity of the affidavit.

▮ The trial judge concluded that on his own "discretion," he found the officer's refusal to allow the defendant to speak to an attorney before deciding whether to take the breathalyzer test was "unreasonable," and granted the defendant's motion to dismiss the report of that refusal. The trial judge then accepted the defendant's plea of guilty to driving under the influence of alcohol, and sentenced him to one year's supervision and a $300 fine, as well as a $50 fine for a traffic violation. The judge also classified his ruling as based on a finding of no probable cause.

The State, on appeal, seeks a ruling from this court on the constitutionality of the civil implied-consent statute's failure to provide for the right to consult an attorney before deciding to submit to a breathalyzer test (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), and the defendant, understandably, has responded to this argument. However, our review of the very sparse record at trial discloses that this issue was only minimally raised there; no constitutional issues were briefed, explicitly delineated, or specifically argued. In addition, the trial judge's ruling was not specifically based on even any vague "constitutional right," let alone on a particular, justiciable and recognized constitutional claim. Under these circumstances, we find it inappropriate to consider the "constitutionality" of this aspect of the statute, except to the peripheral extent necessary to the resolution of this case. Therefore, in this context, we confine our discussion to the narrower, essentially nonconstitutional issues discussed herein.

▮ Initially, we must agree with the State that the trial judge erred in granting the defendant's motion to dismiss the report of his refusal to take a breathalyzer test. Here, we emphasize initially that it is clear from the police officer's testimony as to the defendant's erratic and illegal driving, his speech and actions after being stopped, and his difficulties with the field-sobriety tests, that the officer had reasonable grounds to believe the defendant was intoxicated, and thus probable cause for arrest. In this regard, we note also that the trial judge's finding of "no probable cause" was in effect an administrative and techni-

cal conclusion for purposes of appeal, given his comments about which box was to be "checked." This conclusion is bolstered by his acceptance of the defendant's guilty plea to the charge of driving under the influence of alcohol. See *People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878. See also *People v. Creighton* (1985), 137 Ill. App. 3d 952, 485 N.E.2d 547.

■ Further, it is equally clear that the trial judge erred in granting the defendant's motion to dismiss because he was not permitted to consult with an attorney prior to deciding whether to take the breathalyzer test. This decision to exercise an unauthorized power of "discretion" clearly was improper (see *People v. Creighton* (1985), 137 Ill. App. 3d 952, 485 N.E.2d 547), given that the language of the statute involved in this case (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1) did not grant an arrestee an opportunity to consult with counsel before submitting to the test. We note that the prior statute did permit an arrestee to consult an attorney within 90 minutes of the request to take the test, and the deletion of this provision in the statute involved here and our present statute (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1) demonstrates the legislature's intent that a refusal to take the examination cannot be predicated upon a failure to consult counsel. In addition, courts in other jurisdictions have even generally held that a request to consult with counsel constitutes a refusal to submit to a breathalyzer test; there is no statutory authority for a qualified or conditional refusal. (See *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651.) In addition, there is nothing in the record to support the trial judge's passing comment that the defendant would have difficulty "understanding" his situation. (See *People v. Kaegebein* (1985), 137 Ill. App. 3d 837, 485 N.E.2d 467.) This State's implied-consent statute should be liberally construed to accomplish its obvious purpose of protecting citizens upon the highways; the trial judge's decision here clearly was erroneous. See *People v. Carlyle* (1985), 130 Ill. App. 3d 205, 474 N.E.2d 9.

■ The second issue raised on appeal is the defendant's claim that where the arresting police officer failed to file the statutorily required report of this refusal to submit to the breath test, the trial judge erred in permitting the officer to swear to that report, over objection, at the hearing itself. Even though the defendant never sought a final ruling on this point from the trial judge, we will consider this issue on its merits, where it is the State, rather than the defendant, who is appealing from the judgment below. *Cf. People v. Thibudeaux* (1981), 98 Ill. App. 3d 1105, 424 N.E.2d 1178.

■ Initially, we note that such a deficiency is not jurisdictional.

(See *People v. Matulis* (1983), 117 Ill. App. 3d 876, 454 N.E.2d 62.) We further note the holding in *People v. Newberry* (1984), 121 Ill. App. 3d 1069, 460 N.E.2d 776. In *Newberry*, the State moved, apparently prior to hearing, to amend unsworn reports by permitting the arresting officers to swear to the reports at the hearing. After the hearing, at which the officers testified, the trial judge denied the State's motion to amend and dismiss the complaint; however, the appellate court reversed that determination, finding that the report could have been sworn to prior to the hearing. Similarly, *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 431 N.E.2d 450, held that sworn testimony at the hearing cured a failure to file the sworn report, although in that case the defendant failed to object prior to the hearing. It is true that the facts in *Newberry* and *Rehfeldt* are not identical to those here; the defendant here did object before the hearing began, and the State did not attempt to remedy the defect until the hearing itself. However, we note that the State did of its own accord request that the officer swear to his report, and the officer in fact did so, while he was still testifying; the State did this before any objection was renewed by the defendant, as well as prior to the conclusion of the taking of evidence and the entry of the court's finding. We further comment that, as in *Newberry* and *Rehfeldt*, the defendant here would not have been deprived of any driving privileges merely on the basis of an unsworn report, but only after he had received a full hearing, with proper notice and representation by counsel. In passing, we also observe that liberal procedural amendments and verifications have usually been looked upon favorably in civil proceedings by the courts of this State. Under these particular factual circumstances, we must conclude that while the better practice would have been for the State to have the report sworn to before the hearing, the verification permitted in this case, which did not significantly prejudice the defendant and was in keeping with the general intent of the statute, was permissible. See *People v. Newberry* (1984), 121 Ill. App. 3d 1069, 460 N.E.2d 776; *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 431 N.E.2d 450. See also *People v. Matulis* (1983), 117 Ill. App. 3d 876, 454 N.E.2d 62.

Accordingly, the circuit court's order granting the defendant's motion to dismiss the refusal report is reversed; the cause is remanded with directions that a finding of probable cause be entered on the issue of implied consent, and for further proceedings consistent with this opinion.

Reversed and remanded.

LINN, P.J., and McMORROW, J., concur.