THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM BADOUD *et al.*, Defendants-Appellees.

Third District Nos. 3—86—0403, 3—86—0405, 3—86—0407, 3—86—0423, 3—86—0428, 3—86—0465 through 3—86—0468, 3—86—0470 through 3—86—0472, 3—86—0475, 3—86—0481 cons.

Opinion filed May 28, 1987.

BARRY, J., dissenting.

William Herzog, State's Attorney, of Kankakee, and Tony L. Brasel, State's Attorney, of Watseka (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Adrienne W. Albrecht, of Sacks & Albrecht, and Gregory W. Morgan, of Morgan, Regas & Glazar, both of Kankakee, for appellees William A. Badoud and J. Frank Quigley.

James Burn, of Kankakee, for appellee Betty E. Marshall.

Adrienne W. Albrecht, of Sacks & Albrecht, of Kankakee, for appellee John S. Graham.

L. Patrick Power, of Kankakee, for appellee Robert S. Kiger.

Mark R. Steffen, of Kankakee, for appellees Walter S. Gray and Michael Baugus.

J. Dennis Marek, of Kankakee, for appellee James Andrew Grubbs.

B. R. Tongren, of Clinton, Tongren & Grim, of Peotone, for appellee Kenneth C. Jones.

Michael P. McNerny, of Kankakee, for appellee, *pro se.*

Gregory Morgan, of Kankakee, for appellee Kevin W. Palmateer.

Julie Ann Rawlings, of Kankakee, for appellee, *pro se.*

Vincent P. Paulauskis, of Bourbonnais, for appellee Edwin Winge.

Leonard Sacks, of Kankakee, for appellee James Fleming.

JUSTICE WOMBACHER delivered the opinion of the court:

We have consolidated for opinion 14 cases in which we consider the propriety of certain driver's license suspensions and ensuant hearings which, in similar though not identical circumstances, rescinded the summary suspensions.

Sections 11—501.1 and 2—118.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1, 2—118.1) provide for the automatic suspension of a DUI offender's driver's license.

Under the new provisions, motorists arrested for driving while under the influence of alcohol whose breath or blood tests reveal a blood-alcohol level of .10 or greater are subject to a three-month summary suspension effective 45 days after the date the notice of the summary suspension is issued (30 days after such notice starting January 1, 1987). Drivers refusing to submit to a breath or blood test lose their driving privileges for six months. To prevent either suspension from taking effect, section 2—118.1 (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) provides for a hearing, whereby a defendant may file a petition to rescind a summary suspension and receive a hearing within 7 to 30 days of filing.

During March, April, or May of 1986, defendants John Graham, William Badoud, Robert Kiger, J. F. Quigley, Betty Marshall, James Fleming, Walter Gray, James Andrew Grubbs, Kenneth Jones, Michael McNerny, Kevin Palmateer, Julie Ann Rawlings, Edwin Winge, and Michael Baugus were arrested for driving under the influence of intoxicating alcohol. Each defendant submitted to a chemical test which disclosed an alcohol concentration greater than .10. In order to comply with the statutory procedure, the arresting officer in each case submitted a report titled "Law Enforcement Sworn Report" to the circuit court and to the Secretary of State, certifying that the tests disclosed an alcohol concentration of 0.10 or more. Section 11—501.1(e) provides:

"Upon receipt of the sworn report of a law enforcement officer ***, the Secretary of State shall enter the statutory suspension for the periods specified ***." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(e).)

The report form did not provide a space for the officer to swear under oath before an official authorized to administer oaths.

Each defendant filed a petition to rescind the summary suspen-

sion. The defendants asserted one or more of the issues listed in section 2—118.1 of the Illinois Vehicle Code concerning the arrest or testing procedures, but none of the petitions mentioned the officer's failure to swear under oath. The petitions were form documents which required the petitioner to check the appropriate allegations of impropriety. Hearings on the legality of the summary suspensions were held. Each hearing was held before the effective date of the suspension involved, except defendants Badoud, Rawlings and Winge, who had their hearings subsequent to the effective suspension date.

At the hearings, each defendant made an oral motion that the suspension be rescinded because of the absence of a report sworn under oath. The State argued that any irregularity could be cured by the officers' swearing to their certification in open court. In each case the trial court granted the defendant's motion and ordered the suspension of the driver's license be rescinded.

The State now appeals the trial courts' rulings, asserting that, except for defendants Kiger, Quigley, and Winge, no defendant raised the issue concerning the alleged lack of a sworn report prior to the hearing on the petition to rescind. The defendants' attempt to call into question the documents in these cases, which amount to "pleadings" which instituted the action, came after the defendants proceeded to trial without having previously made those challenges. Each petition form submitted by the individual defendant included a statement on the bottom that the hearing would be limited to the issues listed on the form.

■■ ■ In addressing this issue we note that the issue of the failure to file a sworn report was raised by each defendant upon an oral motion before the presentation of any evidence at trial. The State argued the merits of the motion without moving to strike or otherwise challenge the propriety of the motion. Furthermore, a hearing under section 11—501.1 (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1) is civil in nature and the rules of civil procedure apply. (*People v. Malloy* (1979), 76 Ill. 2d 513, 395 N.E.2d 381, *appeal after remand* (1980), 83 Ill. App. 3d 344, 403 N.E.2d 1221.) The purpose of the civil procedure rules is to facilitate the decision of cases on their merits and to eliminate the harsh consequences which often stemmed from unfair surprise at trial prior to enactment of the rules of procedure. Regarding the cases at bar, the State does not claim to have been prejudiced by the fact that this issue was first raised on the day of trial. We conclude that justice would not be served by reversing the trial courts' determinations on the basis of a pleading defect that ultimately did not prejudice the State.

The State asserts next that the officers' sworn testimony at the hearings in each case would fulfill the requirement of a sworn report. The trial courts rejected this assertion, determining that "sworn reports" are required to be filed with the circuit court and the Secretary of State. The statutory prescription was not met since the plain language of the law requires that the ticket be sworn. In all of the cases now before this court for review, the officers' reports failed to meet the letter of the statute.

The State argues that such cases as *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 431 N.E.2d 450, control this issue. *Rehfeldt* was decided under the old version of the Illinois Vehicle Code. That version provided for driver's license suspension following the officer's sworn statements to the circuit clerk that a defendant refused to take or failed a test to measure blood-alcohol content, unless the defendant requested a hearing within 28 days. The Secretary of State was notified by the clerk and suspended the driver's license only after the 28-day period ended if no hearing was requested or after the hearing was held if one was requested. The trial court allowed the officer's sworn testimony to cure the unsworn report. The appellate court affirmed, noting that the defendant was not deprived of any driving privileges until after he had been given a hearing.

The statute before the court in *Rehfeldt* is to be distinguished from the current version of the statute before this court in the instant cases. Under the present statute, the Secretary of State suspends the license of the motorist upon receipt of the sworn report.

Furthermore, the State's reference to *People v. Gaddi* (1986), 145 Ill. App. 3d 227, 494 N.E.2d 696, is not on point. Again, the prior version of the statute was at issue. *Gaddi* held that an arresting officer's sworn testimony at an implied-consent hearing cured the lack of a sworn report where the defendant was not deprived of driving privileges merely on the basis of an unsworn report. The court observed that the better practice would have been for the State to have had the report sworn to before the hearing; however, the defendant would not be prejudiced since the general intent of the statute allowed for the sworn testimony at the hearing.

We emphasize that the new summary suspension law is a departure from the prior implied-consent statute. Sanctions imposed under the current statute are automatic and the burden has substantially shifted to the defendant. The legislature deemed it important that a report which could become the sole basis for a suspension of a driver's license be sworn to. The drafters of the statute were aware of the serious consequences which can accompany the revocation of a

driver's license. They required that once the statutory criteria have been established, the license must be suspended.

■ A "sworn report" carries a "presumption of credibility" which governs the summary suspension. This presumption does not attach to the unsworn reports at issue in the instant cases. Without this presumption, the suspension would be based on unsworn allegations with little assurance of accurate results. Following the State's reasoning, a driver may well be deprived of his license on the sole basis of unsworn allegations. We cannot condone this interpretation of the statute. The plain language of the statute clearly and unequivocally requires the police officers' reports to be sworn. The requirement of a sworn report evidences the legislature's intent to promote an accurate determination of the statutory criteria.

■ We conclude that the trial courts properly determined that because the Secretary of State issued an order of summary suspension solely on the basis of unsworn reports, the statutory requirements were not satisfied and rescission of the suspensions was appropriate. We therefore affirm the orders of the trial courts in these cases.

Affirmed.

SCOTT, J., concurs.

JUSTICE BARRY, dissenting:

In all of these cases no verification of certification was filed by the arresting officer, thus distinguishing these cases from *People v. Morrison* (1987), 155 Ill. App. 3d 1088. However, here the State offered to cure the absence of a sworn report with sworn testimony at a hearing held before the effective date of the suspension or, in three of the cases, at a hearing which had been postponed beyond the date of the suspension upon motion of the defendant.

I believe the determinative issue in all of these cases is whether the officer's failure to swear under oath to the correctness of his report can be cured by allowing the officer to swear to the report at the hearing.

That same question was decided by this court in favor of the State in *People v. Newberry* (1984), 121 Ill. App. 3d 1069, 460 N.E.2d 776, where the defendants had refused to submit to a breath analysis test. Under section 11—501.1 of the Vehicle Code in effect at that time (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c)), the defendants were notified by the circuit clerk that their driving privileges would be suspended unless a hearing was requested within 28 days. A con-

solidated hearing was requested, and the defendants moved for dismissal on the ground that the report of the arresting officer in each case was not sworn to before a notary public or the circuit clerk. The State sought to amend the reports by allowing each arresting officer to swear to the report at the hearing, and testimony was presented by each of the arresting officers. The trial court granted the defendants' motion to dismiss and denied the State's motion to amend. On appeal, we reversed. Relying upon *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 431 N.E.2d 450, we held that sworn testimony cures the failure to file a sworn report with the clerk and that a motorist who submits to the court's jurisdiction will not be deprived of any due process rights if the report is sworn to by the arresting officer prior to the commencement of the hearing.

Defendants have argued that *People v. Newberry* does not control here because the statute in *Newberry* provided for a suspension of driving privileges after 28 days unless a hearing was requested, while the present statute mandates an "immediate suspension." The majority accepts this argument and attempts to distinguish all cases decided under the prior statute. However, at the time of these suspensions, the applicable statute provided for a 46-day waiting period before the effective date of the suspension. In all of the cases here, the defendants either received a circuit court hearing before the suspension took effect or the delay was the result of the defendant's motion for continuance. Thus, the actual effect of the current statute is no different than the one considered in *People v. Newberry* and *People v. Rehfeldt*.

In *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 492 N.E.2d 187, the Illinois Supreme Court upheld a similar summary procedure provided in section 6—206 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 6—206). There, the Secretary of State was authorized to revoke the defendant's license prior to trial on charges of driving under the influence of alcohol in those cases where the incident leading to the charge resulted in serious bodily injury. The supreme court held that due process does not mandate a hearing prior to the deprivation of the privilege of driving a motor vehicle. In holding that the governmental interest in highway safety was sufficient to justify a summary revocation, the court said:

"[T]he safety hazard is drunk drivers. It is clear that a serious threat to human life and well-being is posed by those drivers. (See *People v. Bartley* (1985), 109 Ill. 2d 273, 285, 93 Ill. Dec. 347, 486 N.E.2d 880.) While drunk driving and its consequences represent one of our society's gravest problems, it

should not be overlooked that it is a problem that at least in part is remediable. A summary revocation of driving privileges both deters drunk driving and removes drunk drivers from public roads." *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 110-11, 492 N.E.2d 187, 191.

Although the procedure for summary suspension contained in section 11—501.1 of the current Illinois Vehicle Code is less drastic than the discretionary authority to revoke upheld by the Illinois Supreme Court in *People ex rel. Eppinga v. Edgar*, the public policy argument is the same.

I would reverse the dismissal order entered by the trial court in each of the cases herein, and I would reinstate the suspension of the driver's licenses.