THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EARL F. FARRELL, Defendant-Appellee.

Fourth District    No. 4—87—0108

Opinion filed July 23, 1987.

Ronald C. Dozier, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klinger, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Hamm & Hanna, Ltd., of Peoria, for appellee.

JUSTICE LUND delivered the opinion of the court:

The State appeals from an order of the circuit court of McLean County rescinding defendant's summary suspension of driving privileges pursuant to sections 2—118.1, 6—208.1, and 11—501.1 of the Il-

linois Vehicle Code (the Code) (Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 2—118.1, 6—208.1, 11—501.1).

On November 15, 1986, defendant was stopped and cited for driving under the influence of alcohol. (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.) The time of the stop was 1:15 a.m. At 2:40 a.m., the arresting officer gave defendant the warnings required under section 11—501.1(c) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(c)). A form entitled the "Law Enforcement Sworn Report" was filled out by the arresting officer. The form indicated defendant had refused to take a chemical test at 2:55 a.m., and would, therefore, have his driver's license suspended. The form did not contain a place for a notary's affirmation nor a statement that the information was written subject to penalty for perjury. Consequently, the report was signed only by the arresting officer. Defendant received confirmation on or about November 26, 1986, that his license would be suspended. The effective dates of the suspension were December 31, 1986, until June 30, 1987.

On December 4, 1986, defendant filed a petition to rescind the statutory summary suspension. At the hearing on January 15, 1987, the court rescinded the summary suspension because the "officer failed to file [a] sworn report." According to the State's brief, the court rescinded the suspension prior to reaching the mandatory issues under section 2—118.1 of the Code. Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1.

The State filed a second "Law Enforcement Sworn Report" on January 23, 1986. It was identical to the first except it had a notary's affirmation at the bottom. A second confirmation of summary suspension was mailed to defendant.

The State decided to appeal the rescission of the original suspension and filed its notice of appeal on February 23, 1987. On the State's motion, the second summary suspension was vacated.

Section 11—501.1(d) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(d)) requires the police officer to submit "a sworn report" to the circuit court and to the Secretary of State detailing the individual's refusal to submit to a chemical test. Upon receipt of the sworn report, the Secretary of State begins the process of suspending the offender's driving privileges. (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(e).) The State does not contend on appeal that the "Law Enforcement Sworn Report" meets the requirement of a "sworn report" as stated in section 11—501.1(d). The State concedes that the officer must affirm the information under penalty of perjury. Rather, the State argues that it should have been allowed to amend

the report by adding a verification by certification as provided in section 1—109 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 1—109.) The theory behind this argument is that since summary suspension hearings are civil proceedings, the liberal amendment rules of civil procedure should be applied to allow the "Law Enforcement Sworn Report" to be certified as late as the time of the summary suspension hearing. We disagree.

Although summary suspension hearings are civil in nature (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b)), allowing the State to amend the report under civil procedure rules will not cure the deficiencies in the unsworn report. The summary suspension scheme must pass muster under the due process provisions of the Illinois and United States constitutions. (U.S. Const., amend XIV; Ill. Const. 1970, art. I, sec. 2.) In *Illinois v. Batchelder* (1983), 463 U.S. 1112, 77 L. Ed. 1267, 103 S. Ct. 3513, the Supreme Court upheld the scheme as found in the 1981 version of the Illinois Vehicle Code. In so doing, it emphasized the fact that a driver was entitled to an evidentiary hearing prior to a suspension of his license. (463 U.S. 1112, 1117-19, 77 L. Ed. 2d 1267, 1272-73, 103 S. Ct. 3513, 3516.) The 1981 version of the Code included a provision for a stay of the summary suspension process until after a hearing, if a hearing was requested. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c).) The cases cited by the State also refer to this older version of the Illinois Vehicle Code. (*People v. Gaddi* (1986), 145 Ill. App. 3d 227, 494 N.E.2d 696; *People v. Newberry* (1984), 121 Ill. App. 3d 1069, 460 N.E.2d 776.) Under this older version, the failure to file a sworn report was not incurable as the evidence adduced at the hearing would determine the entire matter. *People v. Gaddi* (1986), 145 Ill. App. 3d 227, 231, 494 N.E.2d 696, 699.

The Illinois Vehicle Code was amended in 1985. Under the revised summary suspension scheme, the officer's report starts the summary suspension process, and there is no provision for a stay of proceedings until after a hearing. (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b).) In the instant case, the suspension began on December 31, 1986, but the hearing was not held until January 15, 1987. The fact that the statute does not provide for a presuspension hearing does not violate due process. (*Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612.) In *Mackey*, the Supreme Court used a balancing test to determine the minimum due process requirements, which involved the following three factors:

> " 'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if

any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.' *Mathews v. Eldridge*, 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976)." (443 U.S. 1, 10, 61 L. Ed. 2d 321, 329-30, 99 S. Ct. 2612, 2617.)

The factor relevant to the instant case is the risk of an erroneous deprivation of the private interest. Commenting on this point, the Supreme Court stated:

"The Due Process Clause simply does not mandate that all governmental decisionmaking comply with standards that assure perfect, error-free determinations. [Citation.] Thus, even though our legal tradition regards the adversary process as the best means of ascertaining truth and minimizing the risk of error, the 'ordinary principle' established by our prior decisions is that 'something less than an evidentiary hearing is sufficient prior to adverse administrative action.' [Citation.] And, when prompt postdeprivation review is available for correction of administrative error, we have generally required no more than that the predeprivation procedures used be designed to provide a reasonably reliable basis for concluding that the facts justifying the official action are as a responsible governmental official warrants them to be. [Citations.]" (443 U.S. 1, 13, 61 L. Ed. 2d 321, 331, 99 S. Ct. 2612, 2618.)

The requirement of a sworn report takes on the importance of minimizing the danger of an erroneous deprivation of a driver's license prior to the time a hearing is held. In order for the Secretary of State to begin the process of suspending driving privileges, he must be acting upon a "reasonably reliable basis for concluding that the facts justifying the official action are as a responsible governmental official warrants them to be. [Citations.]" (443 U.S. 1, 13, 61 L. Ed. 2d 321, 331, 99 S. Ct. 2612, 2618.) We can assume the legislature had these concerns in mind when it required a sworn report to be sent to the Secretary of State. As it pertains to a summary suspension of a driver's license, the "Law Enforcement Sworn Report" as used in the instant case was void when issued.

A further comment is needed. The State attempted the process a second time after the court rescinded the initial suspension. This was proper as the hearing had not yet progressed to the mandatory issues under section 2—118.1 of the Code. Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1.

694

For the reasons stated above, the order of the circuit court of McLean County is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.