THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
CLARENCE McCLAIN, Defendant-Appellee.

First District (2nd Division)   No. 86—1215

Opinion filed September 8, 1987.—Modified on denial of rehearing
February 2, 1988.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Jame S. Veldman, Assistant State's Attorneys, of counsel), for the People.

James J. Ahern, of Connelly & Ahern, of Chicago, for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

The State appeals an order of the circuit court of Cook County which rescinded the summary suspension of defendant's driving privileges. The only issue presented on review is whether rescission was warranted under the circumstances herein. We reverse the judgment of the circuit court and remand with directions that the suspension of defendant's driver's license be reinstated for the period of time designated by the applicable statute.

A review of the record discloses that at approximately 3:20 a.m. on March 3, 1986, defendant Clarence McClain was arrested and taken into custody on suspicion of driving under the influence of alcohol. At the police station, the arresting officer, John Ciszewski, read McClain the warnings required by the summary suspension provisions of the Illinois Vehicle Code, which are as follows:

"(c) A person requested to submit to a [sobriety] test as provided above shall be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in the statutory summary suspension of such person's privilege to operate a motor vehicle ***. The person shall be warned by the law enforcement officer that if the person submits to the test *** and the alcohol concentration in such person's blood or breath is 0.10 or greater, a statutory summary suspension of such person's privilege to operate a motor vehicle *** will be imposed." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(c).)

McClain indicated that he understood these rights and consented to a breath analysis test, the results of which indicated a blood-alcohol concentration of 0.14.

Section 11—501.1 then delineates the procedure the law enforcement officer is to follow in order for the driver's license to be summarily suspended:

"(d) If the person refuses testing or submits to a test which discloses an alcohol concentration of 0.10 or more, the law en-

forcement officer shall immediately submit a *sworn report* to the circuit court of venue and the Secretary of State, certifying that the test or tests was or were requested pursuant to paragraph (a) and the person refused to a test, or tests, or submitted to testing which disclosed an alcohol concentration of 0.10 or more." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d).)

Upon receipt of the test results, Officer Ciszewski promptly filled out a form entitled "Law Enforcement Sworn Report," which informed McClain that, since his alcohol level was above 0.10, his driver's license would be suspended for a minimum of three months (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1) and that the suspension would take effect on the 46th day following the date the notice of the statutory summary suspension was given. Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(g).

The "Law Enforcement Sworn Report" form which Ciszewski completed contained a statement that the officer did "solemnly, sincerely, and truly declare and affirm" that he had placed McClain under arrest for a violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501), that he had complied with section 11—501.1 by having reasonable grounds to place the suspect under arrest, namely that McClain made an illegal U-turn and had a "medium odor of alcohol on breath," and that he served immediate notice of summary suspension of driving privileges on McClain as required by section 11—501.1(f). Officer Ciszewski signed the report. The form, however, did not have any space for swearing under oath before an official authorized to administer oaths, and Officer Ciszewski did not swear under oath before a notary public or other official to the truthfulness of the contents of the report. A portion of the report was also completed incorrectly; under the respective sections of the form titled "PLACE OF REFUSAL/TEST" and "REF./TEST DATE," Officer Ciszewski penciled in "D.N.A.," based on his mistaken belief that these sections were inapplicable since McClain had consented to the breath test.

In addition to the "Law Enforcement Sworn Report," Officer Ciszewski also completed and signed a form titled "Warning To Motorist," wherein he "solemnly, sincerely, and truly declare[d] and affirm[ed]" that he gave the warnings to McClain required by section 11—501(c). The record further indicates that, as a supplement to the "Law Enforcement Sworn Report" and the "Warning To Motorist" forms, Ciszewski also completed and signed a form styled "Verification of Certification," wherein it was stated that:

"Under penalties as provided by law pursuant to Section 1—109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the 'Warning To Motorist' and 'Law Enforcement Sworn Report,' attached hereto and a part hereof, are true and correct ***."

These three forms were forwarded to the Secretary of State's office and to the court of venue, whereupon the Secretary of State summarily suspended McClain's license effective April 18, 1986.

The Secretary's suspension of McClain's driving privileges was had pursuant to the automatic suspension provision of the Illinois Motor Vehicle Code:

"(e) Upon receipt of the sworn statement of a law enforcement officer submitted under paragraph (d), the Secretary of State shall enter the statutory summary suspension *** effective as provided in paragraph (g)." Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.

On May 1, 1986, McClain filed the instant "Petition To Rescind Statutory Summary Suspension," pursuant to section 2—118.1, which provides in part as follows:

"Upon the notice of statutory suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. ***
***

The scope of the hearing shall be limited to the issues of:

1. Whether the person was placed under arrest for an offense as defined in Section 11—501 ***;

2. Whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle while under the influence of alcohol, other drug, or combination thereof; and

3. Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test or tests to determine the person's alcohol or drug concentration; or

4. Whether the person, after being advised by the arresting officer that the privilege to operate a vehicle would be suspended if the person submits to a chemical test, or tests, and such test discloses an alcohol concentration of 0.10 or more,

and such person did submit to and complete such test or tests which determined an alcohol concentration of 0.10 or more.

Upon the conclusion of the judicial hearing, the circuit court shall continue or rescind the statutory summary suspension and immediately notify the Secretary of State." Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1.

In McClain's petition, which was typed on a form that required him to check the appropriate allegations of impropriety concerning his arrest as provided for in section 2—118.1, he indicated that he was not properly arrested, that the arresting officer did not have reasonable grounds to believe that he was driving under the influence of alcohol, that he was not properly warned by the arresting officer, and that he did not complete the required chemical test or tests.

A rescission hearing was subsequently held on May 8, 1986, and Officer Ciszewski was the only witness. After the officer finished detailing the events which led to McClain's arrest, the defense's entire case consisted of only two arguments, which McClain claimed justified rescinding the summary suspension of his license. First, he maintained that the failure of Officer Ciszewski to swear under oath, before a notary public or other official, to the truth of the contents of the "Law Enforcement Sworn Report" invalidated the subsequent action by the Secretary of State suspending McClain's license. Secondly, he contended that the fact that the officer had improperly filled in a portion of the form, *i.e.*, the sections marked "D.N.A.," also voided the summary suspension.

The State responded that the issues a court may consider in a rescission hearing are rigidly limited by the provisions of section 2—118.1; that in the context of such a hearing, the Secretary of State's suspension of McClain's license was not reviewable; and that instead, the Secretary of State's action is subject to review only under the strictures of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*).

The trial court agreed with McClain's arguments and found that the officer should have sworn to these documents under oath before a notary public or other official empowered to administer oaths. The court further noted that the officer had not filled out part of the "Law Enforcement Sworn Report" properly, in that he had not provided the place or time of the breath test. The trial judge decided that these errors invalidated the Secretary of State's suspension of McClain's license; accordingly, he rescinded the Secretary's action.

Opinion

■ Initially, it should be noted that a rescission hearing is a civil proceeding separate and distinct from the criminal prosecution for driving under the influence of alcohol. (*People v. Chavez* (1985), 134 Ill. App. 3d 598, 600, 480 N.E.2d 1268.) Therefore, an adverse ruling such as the one herein is appealable by the State and is appropriately before this court. *People v. Malloy* (1979), 76 Ill. 2d 513, 518, 395 N.E.2d 381; *People v. Porretta* (1984), 127 Ill. App. 3d 572, 574, 469 N.E.2d 314.

As noted above, the only issue before us is whether it was proper for the trial court to grant McClain's "Petition to Rescind the Statutory Summary Suspension" of his driver's license; and as we have previously indicated, the State argues that the trial court did not have a basis for ruling in McClain's favor, because the judge was severely limited in what he could consider in a rescission hearing. We agree.

The procedures for summary suspension set forth in section 11—501.1 are relatively new. Prior to 1986, the clerk of the court of venue was required to notify the motorist that his license would be suspended unless he filed a written request for a hearing within 28 days. If no timely request was made, the clerk would then notify the Secretary of State, and the latter would summarily suspend the license. If the hearing was requested, however, the court had to hold a hearing in order to determine if certain statutory requirements for revocation had been met. If the court found that these requirements were satisfied, the Secretary of State was notified of the decision and was required at that time to issue an order of suspension. Conversely, if the requirements were not met, then the license could not be suspended. The United States Supreme Court has held that this prior statutory scheme comported with due process. *Illinois v. Batchelder* (1983), 463 U.S. 1112, 77 L. Ed. 2d 1267, 103 S. Ct. 3513.

Under the statute currently in place (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501), a motorist's license is suspended upon the Secretary of State's receipt of the documents completed by the arresting officer. A defendant motorist may request a court hearing (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1), but if he fails to do so, his license is automatically suspended without the involvement of the courts. The Supreme Court has upheld the constitutionality of similar automatic suspension provisions. *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612.

■ The statute under which McClain sought review of the suspension of his license is clear and specific; its purpose is to insure that a defendant motorist has been accorded due process, that is, that his

arrest was made with probable cause and that he was adequately advised of the consequences of the blood-alcohol test before he: (a) refused to take it; or (b) did take it, with results which required the suspension of his driver's license. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1; see also *Illinois v. Batchelder* (1983), 463 U.S. 1112, 77 L. Ed. 2d 1267, 103 S. Ct. 3513.) The trial court does have some discretion concerning whether or not to continue the summary suspension (see Ill. Rev. Stat. 1985, ch. 95½, par. 1—203.1 (which defines statutory summary suspension as "the withdrawal by the circuit court of a person's license")), but such discretion is limited, in a rescission hearing, to making only the factual findings set forth in section 2—118.1 of the Motor Vehicle Code. It cannot consider issues *dehors* that statute. Because the questions of whether the arresting officer failed to swear under oath to the truth of his sworn report and whether the form was correctly completed were not properly before the court, the trial judge erred in ruling in favor of McClain.

■ However, a motorist is provided a remedy by which to challenge the suspension of his license which is not limited to the factual inquiries listed in section 2—118.1. Section 2—118 provides:

"(a) Upon the suspension *** of a license *** under this Act of any person the Secretary of State shall immediately notify such person in writing and upon his written request shall, within 20 days after receipt thereof, set a date for hearing ***.
* * *
(e) The action of the Secretary of State in suspending, revoking or denying any registration, license or permit or certificate of title shall be subject to judicial review in the *** Circuit Court of Cook County and the provisions of the Administrative Review Law *** are hereby adopted and shall apply to and govern every action for the judicial review of final acts or decisions of the Secretary of State hereunder." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.)

Furthermore, section 6—212 of the Motor Vehicle Code states:

"The provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Secretary of State hereunder." Ill. Rev. Stat. 1985, ch. 95½, par. 6—212.

In *People v. Liddell* (1974), 19 Ill. App. 3d 794, 313 N.E.2d 248, this court held that the final action of the Secretary in revoking or suspending a driver's license, as opposed to those issues which may be

properly raised at a rescission hearing, is reviewable only under the provisions of the Administrative Review Law. (19 Ill. App. 3d at 797.) Consequently, although a motorist has the opportunity to obtain judicial review on the question of whether a police officer failed to swear under oath to the truth of his report, a rescission hearing is not the proper forum therefor.

■ It is abundantly clear then that under the Administrative Review Law judicial review is available to a defendant seeking relief from a final administrative decision. (Ill. Rev. Stat. 1985, ch. 110, pars. 3—101 through 3—112.) However, it is equally clear that before seeking judicial review, a defendant is required to exhaust his administrative remedies. (Ill. Rev. Stat. 1985, ch. 110, par. 3—102.) Here, because McClain failed to exhaust his administrative remedies by omitting to request a hearing under section 2—118, in which he could have properly raised the issues concerning the lack of a sworn statement and the incorrect completion of the report, he could not seek review of such omission and defect in a rescission hearing.

We are aware that other courts have permitted motorists to raise such issues in a rescission hearing. (*People v. Badoud* (1987), 155 Ill. App. 3d 912, 508 N.E.2d 1190; *People v. Farrell* (1987), 158 Ill. App. 3d 690, 511 N.E.2d 265; *People v. Weigt* (1987), 155 Ill. App. 3d 862, 508 N.E.2d 1190.) However, these cases are distinguishable from the instant one, because in the cases cited, the State failed to object to the court's considering the lack of a sworn report. Nevertheless, even absent this distinction, we decline to follow such cases, because section 2—118.1, which authorizes a rescission hearing, is clear in its limitation as to what the court may consider, and the Administrative Review Law is just as clear with respect to the procedure required to be followed in seeking review of the Secretary of State's action under section 2—118.

Accordingly, we reverse the holding of the trial court and remand with directions that the suspension of McClain's license be reinstated for the period of time designated by the applicable statute.

Reversed and remanded with directions.

HARTMAN, P.J., and BILANDIC, J., concur.