THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM MORRISON *et al.*, Defendants-Appellees.

Third District Nos. 3—86—0402, 3—86—0406, 3—86—0409, 3—86—0424, 3—86—0427, 3—86—0429, 3—86—0448, 3—86—0474 cons.

Opinion filed May 28, 1987.

William Herzog, State's Attorney, of Kankakee, and Tony Brasel, State's Attorney, of Watseka (John X. Breslin, Terry A. Mertel, and Gary F. Gnidovec, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Adrienne W. Albrecht, of Sacks & Albrecht, and Gregory W. Morgan, of Morgan, Regas & Glazar, both of Kankakee, for appellees Randy V. Blanchette, Ronald L. Seng, and S. William Morrison.

Gus R. Regas, of Morgan, Regas & Glazar, of Kankakee, for appellee Ernest W. Jennings.

Greg Morgan, of Kankakee, for appellee Larry Dean Smith.

Leonard Sacks, of Kankakee, for appellee Gerald F. Campbell.

Mark R. Steffan, of Kankakee (Adrienne W. Albrecht and Steven Tongren, of counsel), for appellee Morgan D. Prince.

John Lorstorfer, of Kankakee, for appellee Jeffrey J. Stech.

JUSTICE BARRY delivered the opinion of the court:

The State has appealed from orders of the circuit court of Kankakee County and Iroquois County which rescinded the statutory summary suspension of the driver's licenses of William·Morrison, Randy Blanchette, Ronald L. Seng, Ernest. Jennings, Morgan D. Prince, Jeffrey Stech, Gerald F. Campbell, and Larry Dean Smith. We have consolidated these cases for purpose of decision since the factual situations are similar.

All of these defendants were arrested during March, April, or May of 1986 for driving while under the influence of intoxicating alcohol. At the request of the arresting officer and after the required warnings had been given, each submitted to a chemical test which disclosed an alcohol concentration greater than 0.10. Under the provisions of the Illinois Vehicle Code, a blood-alcohol concentration of 0.10 or greater requires a statutory summary suspension of the privilege to operate a motor vehicle. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) In order to comply with the statutory procedure, the arresting officer in each case submitted a report, titled "Law Enforcement Sworn Report," to the circuit court and to the Secretary of State, certifying that the tests disclosed an alcohol concentration of 0.10 or more. Section 11—501.1(e) provides:

"Upon receipt of the sworn report of a law enforcement officer ***, the Secretary of State shall enter the statutory summary suspension for the periods specified ***." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(e).)

Other subsections of section 11—501.1 require the arresting officer to serve immediate notice of the statutory summary suspension on the defendant. At that time the suspension commenced on the 46th day following the date the notice was given.

The report form contained a statement that the officer did "solemnly, sincerely, and truly declare and affirm" that he had placed the defendant under arrest for a violation of section 11—501 of the Illinois Vehicle Code, that he had complied with section 11—501.1 by having reasonable grounds to believe defendant was in violation of section 11—501, and that he had served immediate notice of summary suspension of driving privileges on the defendant pursuant to section 11—501.1. The report form did not provide space for the officer to swear under oath before an official authorized to administer oaths.

However, in each case the officer signed and filed another document, titled "Verification of Certification," which stated:

"Under penalties as provided by law pursuant to Section 1—109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the 'Warning to Motorist' and the 'Law Enforcement Sworn Report', attached hereto and made a part hereof, are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true."

Each of the defendants filed a petition to rescind the statutory summary suspension. In each case the petition asserted one or more of the issues listed in section 2—118.1 of the Illinois Vehicle Code concerning the arrest or testing procedures, but none of the petitions mentioned the officer's failure to swear under oath. In four of these cases hearings were held before the effective date of the suspensions involved. At the hearings each defendant made an oral motion that the suspension be rescinded because of the absence of a report sworn under oath. In every case the State argued that administration of an oath by a notary public or other official is not required under the Illinois Vehicle Code and that any irregularity can be cured by the officer's swearing to his certification in open court. In each case the trial court granted the defendant's motion and ordered the suspension of driver's license rescinded.

■ On appeal the State first contends that the defendants waived the issue of the officer's failure to swear to the report under oath because that issue was not raised in the written petitions. Each petition form included a statement at the bottom that the hearing would be limited to the issues listed on the form. However, in each case the issue of failure to file a sworn report was raised by the defendant by oral motion before the presentation of any evidence at trial. The State does not claim to have been prejudiced by the fact that this issue was first raised on the day of trial. Furthermore, there is nothing in the record to indicate that the State objected to the oral motion at the time it was made. Also, the State proceeded to argue the merits of the motion without moving to strike or otherwise challenge the propriety of the motion. The State cannot assert on appeal an alleged error which was never brought to the attention of the trial court. Accord, *People v. Weigt* (1987), 155 Ill. App. 3d 862, filed this same date.

The State also contends that the "Verification of Certification" was a sufficient swearing to satisfy the requirements of the Illinois Vehicle Code. The Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—109), provides in part as follows:

"Unless otherwise expressly provided by rule of the Supreme

Court, whenever in this Code any complaint, petition, answer, reply, bill of particulars, answer to interrogatories, affidavit, return or proof of service, or other document or pleading filed in any court of this State is required or permitted to be verified, or made, sworn to or verified under oath, such requirement or permission is hereby defined to include a certification of such pleading, affidavit or other document under penalty of perjury as provided in this Section."

The form of certification provided in section 1—109 is the same as the verification of certification filed in these proceedings.

■ The summary suspension of driving privileges is a statutory proceeding, civil in nature, not criminal, and the "sworn report" is equivalent to a pleading. Since the verifications filed by the arresting officers in these cases were all under penalty of perjury, they qualified as a sworn pleading under the Code of Civil Procedure. Section 2—118.1(b) of the Vehicle Code expressly provides: "Such hearings shall proceed in the court in the same manner as in other civil proceedings." This provision acknowledges the civil nature of the suspension proceeding. The defendants, however, argue that the Code of Civil Procedure applies only to the court hearing and not to the prehearing documents filed in each cause. We do not agree. Since the statute says the purpose of the hearing is to review the officers' reports, the content and form of those reports are an integral part of the proceeding and, as such, are subject to the rules of practice set out in the Code of Civil Procedure. We hold that these verifications were sufficient to satisfy the Vehicle Code requirement that the officers' reports be sworn. Hence, the trial court erred in rescinding the suspension of the driver's licenses of these defendants.

We distinguish the instant case from a recent decision of this court which affirmed orders of the circuit court of Bureau County rescinding the suspension of driver's licenses in two cases where the arresting officers' verifications were in the records. In *People v. Sullivan* No. 3-86-0348, filed as an opinion on February 19, 1987, and redesignated a Rule 23 order on March 12, 1987, the State did not argue that the verifications were sufficient, and in fact, according to the memorandum opinion of the trial court, the State expressly waived that contention. Thus the issue was not raised in either the trial court or the appellate court.

Although no constitutional questions are raised in this appeal, we are aware of the due process factors which the United States Supreme Court has ruled must be taken into account where a driver's license is suspended for a statutorily defined cause. In *Mathews v.*

*Eldridge* (1976), 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903, the court mandated a balancing of the following factors:

> "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

These factors were discussed in *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612, where the court upheld the Massachusetts implied-consent law, and in *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723, where the provision of the Illinois Driver Licensing Law providing for summary revocation for repeated traffic convictions was upheld. In both cases, the Supreme Court concluded that something less than an evidentiary hearing is sufficient prior to the suspension of a driver's license.

In *Mackey v. Montrym*, the court discussed the risk of an erroneous deprivation of a driver's license as a consequence of the procedures used. The court said:

> "And, when prompt postdeprivation review is available for correction of administrative error, we have generally required no more than that the predeprivation procedures used be designed to provide a reasonably reliable basis for concluding that the facts justifying the official action are as a responsible governmental official warrants them to be." (*Mackey v. Montrym* (1979), 443 U.S. 1, 13, 61 L. Ed. 2d 321, 331, 99 S. Ct. 2612, 2618.)

The court observed that a driver's suspension under the Massachusetts statute was predicated upon objective facts either within the personal knowledge of an impartial government official or readily ascertainable by him. The "objective facts" under that statute included the driver's arrest for driving while under the influence of an intoxicant, probable cause for the arrest, and a refusal to take a breath-analysis test. The court stated:

> "The officer whose report of refusal triggers a driver's suspension is a trained observer and investigator. He is, by reason of his training and experience, well suited for the role the statute accords him in the presuspension process. And, as he is personally subject to civil liability for an unlawful arrest and to criminal penalties for willful misrepresentation of the facts, he has

every incentive to ascertain accurately and truthfully report the facts. *** [T]he risk of erroneous observation or deliberate misrepresentation of the facts by the reporting officer in the ordinary case seems insubstantial." 443 U.S. 1, 14, 61 L. Ed. 2d 321, 332, 99 S. Ct. 2612, 2619.

Accord, *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 492 N.E.2d 187.

Similarly, summary suspension of a driver's license under the Illinois Vehicle Code is predicated upon objective facts: (1) an arrest for driving while under the influence of alcohol and (2) either a refusal to take a test to determine the amount of alcohol in his or her blood or test results showing an alcohol concentration of 0.10 or greater. Where, as in the cases involved in this appeal, the officer filed with the complaint a verification under penalty of perjury, the risk of error seems no more substantial than under the Massachusetts statute.

For the reasons stated, we reverse the judgments of the circuit courts of Kankakee and Iroquois Counties and remand with directions that the suspension of defendants' driver's licenses be reinstated for the period of time designated by the applicable statute.

Reversed and remanded.

WOMBACHER and SCOTT, JJ., concur.