THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT J. ANGELINO, Defendant-Appellant.

Second District   No. 2—86—1023

Opinion filed September 16, 1987.—Rehearing denied October 19, 1987.

John C. Voorn, of DeBruyn, Lockie, Voorn & Taylor, Ltd., of Palos Heights, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Bowers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

This is an appeal by defendant, Robert J. Angelino, from a court order denying defendant's petition to rescind a statutory summary suspension of defendant's driver's license pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). We affirm.

On July 9, 1986, defendant was involved in an automobile accident and was arrested by a city of Naperville police officer for driving his automobile while under the influence of alcohol. Defendant was issued two citations by the arresting officer: one for driving under the influence of alcohol and the other for driving under the influence of alcohol with a blood-alcohol content of .10 or more, both charges in violation of local ordinances. The arresting officer filed a notice of summary suspension of defendant's driver's license as well as a law enforcement report. The law enforcement report is a standard form. Printed above the area for the arresting officer's signature is the following: "Under penalties as provided by law pursuant to Section 1—109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct." Under this is affixed the signature of the arresting officer, Gary Peterson.

At a hearing to rescind the statutory summary suspension of defendant's driver's license, Officer Peterson testified that at about 1:16 a.m. on July 9, 1986, he was called by the officer on the scene to an accident on Ogden Avenue. Officer Peterson further testified that when he arrived on the scene, defendant was outside his vehicle, and the vehicle itself was in the westbound lane of Ogden Avenue facing

east across the two lanes. At the time, defendant was talking with slurred speech. Officer Peterson stated that he and another officer administered field tests to defendant and that during one of these tests, a heel to toe test, defendant "kind of stumble[d]" and "staggered a little bit." Officer Peterson also testified that during a leg lift test, defendant could not stay up for the length of the test. Officer Peterson further stated that he read defendant the motorist warning verbatim, that defendant decided to take a breathalyzer test, and that the result of that test was more than .10.

On cross-examination, Officer Peterson testified he did not see defendant driving the vehicle, and that he issued no other tickets to defendant except the two for driving under the influence.

Defendant testified that he was driving in an unfamiliar area, the lighting was poor, a streetlight in the area of the accident was inoperative, and at the time of the accident, it was rainy and the road was wet. Defendant also testified that he told the officer that he must have missed the turn in the road, and, at the time of the accident, he hit his head.

At the close of the hearing, the trial court ruled against defendant and denied the petition to rescind. Defendant thereafter filed a motion for reconsideration of the trial court's order denying the petition to rescind the statutory summary suspension. The motion to reconsider was denied. Defendant then filed a timely notice of appeal.

■ Defendant first contends that the trial court erroneously placed the burden of proof on defendant to present evidence in the petition to rescind the statutory summary suspension. We disagree. As we have previously held, at a hearing to rescind a summary suspension, the burden of proof is upon the defendant. *People v. Griffith* (1987), 153 Ill. App. 3d 856, 861.

■ Defendant next contends that the arresting officer did not submit a properly sworn-to report certifying that defendant refused testing or that testing disclosed an unpermitted concentration of alcohol. Defendant argues that the law enforcement report was not sworn to as required by the section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d)) but, rather, was certified pursuant to section 1—109 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—109). Defendant, thus, contends that the report was invalid and could not serve to support a suspension. Defendant contends that failure to submit a report that was properly sworn to is grounds to rescind the statutory summary suspension entered by the Illinois Secretary of State. In response, the State contends that this issue has been waived because it was not raised prior

to appeal. In the alternative, the State contends that a report certified under section 1—109 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—109) is "sworn" to for purposes of section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d)). After reviewing the record, we are of the opinion that defendant made sufficient objections to the law enforcement report to keep the issue alive on appeal. We will, therefore, consider the issue on the merits.

■ Section 11—501.1(d) of the Illinois Vehicle Code provides:

"If the person refuses testing or submits to a test which discloses an alcohol concentration of 0.10 or more, the law enforcement officer shall immediately submit a sworn report to the circuit court of venue and the Secretary of State, certifying that the test or tests was or were requested pursuant to paragraph (a) and the person refused to submit to a test, or tests, or submitted to testing which disclosed an alcohol concentration of 0.10 or more." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d).)

Thus, the statute clearly and unequivocally requires the arresting officer's report to be sworn. (*People v. Badoud* (1987), 155 Ill. App. 3d 912, 917.) We, therefore, turn to an analysis of the definition of "sworn." Defendant contends that the term "sworn" requires that the arresting officer swear to the truth of the law enforcement report before someone authorized to take oaths of affirmations. In response, the State contends that a report is sworn to if it is certified under section 1—109 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—109). We agree.

The former act relating to suspensions required that the arresting officer "file with the Clerk of the Circuit Court for the county in which the arrest was made, a sworn statement" and the Secretary of State was then to be notified by the clerk of the court. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(d).) Thus, use of the term "sworn" was originally for purposes of filing with the clerk of a circuit court and not for filing with the Secretary of State. Therefore, the definition of "sworn" is dependent on what would be a "sworn" report for purposes of filing a document with a clerk of a circuit court.

■ Clearly, for purposes of filing a document with the clerk of a circuit court, a document is "sworn" to if it is certified in accordance to section 1—109 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—109). Section 1—109 of the Code of Civil Procedure provides:

"Unless otherwise expressly provided by rule of the Supreme

Court, whenever *** [any document] filed in any court of this State is required or permitted to be *** sworn to *** such requirement or permission is hereby defined to include a certification of such [document] under penalty of perjury as provided in this Section.

*** The person or persons having knowledge of the matters stated in [the document] certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1—109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Any pleading, affidavit or other document certified in accordance with this Section may be used in the same manner and with the same force and effect as those subscribed and sworn to under oath." Ill. Rev. Stat. 1985, ch. 110, par. 1—109.

Furthermore, section 1—109 also provides that anyone who makes a false statement in a certified document shall be guilty of a Class 3 felony. (Ill. Rev. Stat. 1985, ch. 110, par. 1—109.) Thus, it subjects the arresting officer to penalties for perjury.

■ Moreover, in *People v. Morrison* (1987), 155 Ill. App. 3d 1088, the Appellate Court for the Third District held that the Vehicle Code's requirement that an officer's report be sworn to was satisfied where the arresting officer signed and filed an attached document entitled "verification and certification" which was certified in accordance with section 1—109 of the Code of Civil Procedure. The court in *Morrison* stated:

"The summary suspension of driving privileges is a statutory proceeding, civil in nature, not criminal, and the 'sworn report' is equivalent to a pleading. Since the verifications filed by the arresting officers in these cases were all under penalty of perjury, they qualified as a sworn pleading under the Code of Civil Procedure. *** Since the statute says the purpose of the hearing is to review the officers' reports, the content and form of those reports are an integral part of the proceeding and, as such, are subject to the rules of practice set out in the Code of Civil Procedure. We hold that these verifications were sufficient to satisfy the Vehicle Code requirement that the officers' reports be sworn." (155 Ill. App. 3d 1088, 1091.)

Similarly, in the present case, the law enforcement report stated "[u]nder penalties as provided by law pursuant to Section 1—109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct." In accordance with *Morrison*, we hold that the law enforcement report in the present case was properly sworn to. Our decision is further supported by the fact that an implied consent hearing is civil in nature (*People v. Horberg* (1984), 123 Ill. App. 3d 456, 457), and section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)) provides that hearings relating to summary suspensions shall proceed in the same manner as other civil proceedings. Moreover, section 11—501.1 is to be construed liberally to accomplish its obvious purpose of protecting the citizens of Illinois upon the highways. *People v. Horberg* (1984), 123 Ill. App. 3d 456, 459.

■ Defendant next contends that the trial court erroneously allowed the arresting police officer to testify about the breathalyzer test result when he did not administer that test and no foundation evidence was introduced. The officer's testimony was not objected to at the time of the hearing, and the objection is, therefore, waived. See *People v. Trefonas* (1956), 9 Ill. 2d 92, 98.

■ Finally, defendant contends that the trial court's ruling denying defendant's petition to rescind the statutory summary suspension was against the manifest weight of the evidence. In making this contention, defendant continues to assert that the burden of proof is on the State. As stated earlier, the burden of proof is properly on defendant. *People v. Griffith* (1987), 153 Ill. App. 3d 856, 861.

After reviewing the record, and applying the proper burden of proof, we hold that the trial court's ruling denying defendant's petition to rescind the summary suspension of his driver's license was not against the manifest weight of the evidence.

In accordance with the above discussion, we affirm the decision of the trial court.

Affirmed.

HOPF and WOODWARD, JJ., concur.