THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GROVER SARGEANT, Defendant-Appellee.

Fourth District   No. 4—87—0383

Opinion filed December 31, 1987.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert J. Eggers, of Holley, Keith & Huntly, and John S. Narmont, both of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Grover Sargeant was charged April 15, 1987, with driving under the influence of alcohol in violation of section 11—501(a)(2) of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501(a)(2)). Pursuant to section 11—

501.1(f—1) of the Vehicle Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(f—1)), the arresting officer served notice of statutory summary suspension on defendant when defendant refused to submit to chemical testing. On defendant's petition, the trial court rescinded the statutory summary suspension. The State appeals. We reverse.

At 4:56 p.m. on April 15, 1987, defendant was cited for driving under the influence of alcohol (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501(a)(2)). At 5:21 p.m. the arresting officer issued a "Warning to Motorist" form notifying defendant of the effects of refusal or failure to complete or pass chemical tests. Defendant refused to submit to testing. The officer served immediate notice of statutory summary suspension, issuing a "Law Enforcement Sworn Report" (report) which contained the following paragraph:

> "Under penalties as provided by law pursuant to Section 1—109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct."

The officer signed the report on the line provided. The form did not contain a space for the officer to swear under oath before an official authorized to administer oaths. The suspension was effective 46 days following issuance.

On April 30, 1987, defendant filed a petition to rescind the statutory summary suspension. A confirmation form filed April 30, 1987, showed the suspension would run from May 31, 1987, to November 30, 1987.

At the rescission hearing June 1, 1987, the judge found the report, although certified pursuant to section 1—109 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 1—109), did not constitute a sworn report under section 11—501.1(d) of the Vehicle Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(d)). The trial judge based his decision on *People v. Sullivan* (1987), 151 Ill. App. 3d 1164 (unpublished Rule 23 order). As a Rule 23 order, the decision is not precedential. (107 Ill. 2d R. 23.) Therefore, we need not consider it. The court rescinded the statutory summary suspension, and this appeal followed.

■ The sole issue on appeal is whether certification under section 1—109 of the Code constitutes a sworn report under the requirements of section 11—501.1(d) of the Vehicle Code. We conclude it does.

Section 1—109 of the Code states in pertinent part:

> "Unless otherwise expressly provided by rule of the Supreme Court, whenever in this Code any *** pleading filed in any court of this State is required or permitted to be verified, or

made, sworn to or verified under oath, such requirement or permission is hereby defined to include a certification of such pleading, affidavit or other document under penalty of perjury as provided in this Section.

\*\*\* The person or persons having knowledge of the matters stated in a pleading, affidavit or other document certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1—109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Any pleading, affidavit or other document certified in accordance with this Section may be used in the same manner and with the same force and effect as though subscribed and sworn to under oath.

Any person who makes a false statement, material to the issue or point in question, which he does not believe to be true, in any pleading, affidavit or other document certified by such person in accordance with this Section shall be guilty of a Class 3 felony." Ill. Rev. Stat. 1985, ch. 110, par. 1—109.

*People v. Morrison* (1987), 155 Ill. App. 3d 1088, 508 N.E.2d 1186, and *People v. Angelino* (1987), 160 Ill. App. 3d 632, 513 N.E.2d 1132, control the disposition of this case. In *Morrison*, the court ruled the Vehicle Code was satisfied where the arresting officer signed and filed an attached document entitled "Verification and Certification" which was certified in accordance with section 1—109 of the Code. Since summary suspension proceedings are civil in nature, the court stated the "sworn report" was equivalent to a pleading. The panel noted that since perjury was the penalty for filing a false certification, the document qualified as a pleading under the Code. *Morrison*, 155 Ill. App. 3d 1088, 1091, 508 N.E.2d 1186, 1188.

*Morrison* was relied upon in *Angelino*, in which the court initially examined the purpose of the sworn report under the Vehicle Code. It concluded that under the former act relating to suspensions, the purpose of the sworn report was to notify the circuit clerk, not the Secretary of State. Therefore, the definition of "sworn" depended upon what would be a sworn report for purposes of filing a document with the circuit clerk. Since documents required to be sworn to may be certified under penalty of perjury under the Code, the implied consent

hearings are civil in nature, and section 2—118.1(b) of the Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)) provides that hearings relating to summary suspensions shall proceed in the same manner as other civil proceedings, section 1—109 was held to apply.

In *People v. Farrell* (1987), 158 Ill. App. 3d 690, 511 N.E.2d 265, we rejected on due process grounds the State's attempt to amend the language of the report ("I further solemnly, sincerely and truly declare and affirm ***") by adding a section 1—109 certification as late as the time of the hearing. We affirmed the rescission of the statutory summary suspension in *Farrell* based on a report form which did not contain a place for a notary's affirmation or a statement that the information was written subject to penalty for perjury. Here, section 1—109 of the Code makes the giving of a false statement in a certified document a Class 3 felony.

Under the rationales in *Morrison* and *Angelino*, since the certification paragraph in the case at bar complied with section 1—109 of the Code, the report was sworn as required by section 11—501.1(d) of the Vehicle Code. We note the Vehicle Code does not define "sworn report." The Vehicle Code also does not expressly adopt the Code of Civil Procedure. We invite the legislature to address this matter.

■ An additional concern involves the further disposition of this case in the circuit court. Section 2—118.1(b) of the Vehicle Code specifies that when notice is served under section 11—501.1, the person may request a hearing. The circuit court shall conduct the hearing within 30 days after the receipt of the written request. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) The petition to rescind filed April 30, 1987, specified the grounds on which defendant sought rescission. A paragraph at the bottom of the form petition stated, "The hearing will be held within 30 days after receipt of the petition to rescind statutory summary suspension." The petition to rescind, therefore, constituted a request for hearing.

Section 11—501.1(g) provides the statutory summary suspension takes effect on the 46th day following the date the notice was served. It is apparent that defendant is now precluded from contesting the suspension of his license since more than 45 days have passed since notice was served April 15, 1987. We do not believe the legislature intended this result. At the hearing held June 1, 1987, the court did not reach the issues of reasonable grounds and improper arrest, as it rescinded the statutory summary suspension at the outset for lack of a sworn report.

In *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 510 N.E.2d 614, the hearing on defend-

ant's statutory summary suspension did not occur within the 30 days required by section 2—118.1(b), in part because defendant requested a change of judge. We held that in such cases, the 30 days within which the implied consent hearing must be held begins to run when the new judge is furnished with a copy of the hearing request. (156 Ill. App. 3d at 923, 510 N.E.2d at 617.) Here, due process requires that defendant have a hearing on his petition to rescind. The 45-day period in section 11—501.1(g) shall begin anew from the date of the mandate issued by this court. The circuit court shall hold the hearing on the petition to rescind within 30 days from the date of the mandate. Defendant need not file another hearing request.

We reverse the decision of the circuit court of Sangamon County.

Reversed.

McCULLOUGH and LUND, JJ., concur.