THE PEOPLE *ex rel.* JIM EDGAR, Secretary of State, Plaintiff-Appellant, v. TIMOTHY L. PENCE, Defendant-Appellee.

Third District   No. 3—88—0398

Opinion filed November 15, 1989.

HEIPLE, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Richard W. Merrill, Jr., Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE BARRY delivered the opinion of the court:

The appellant, the Secretary of State, appeals from an order of the trial court directing the Secretary to issue to the defendant, Timothy L. Pence, a judicial driving permit (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1). We reverse.

■ Initially, we note that the defendant has not submitted an appellee's brief. Nevertheless, where the record is simple and the court of review can easily decide the disputed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that the defendant was arrested on October 11, 1982, for driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). On December 21, 1982, the defendant was placed on supervision for the offense. The defendant was again arrested on December 12, 1987, for DUI. At the time of his second arrest, he was given notice of the statutory summary suspension of his driving privileges pursuant to section 11—501.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). The Secretary subsequently confirmed the defendant's statutory summary suspension, stating that because the defendant was not a first offender, the suspension would be in effect for a minimum of 12 months. On March 16, 1988, the defendant pled guilty to driving while under the influence, and the cause was set for sentencing on April 13, 1988. On April 13, 1988, the defendant petitioned the court for a judicial driving permit (JDP). On that date, the court placed the defendant on court supervision, fined him $450, and ordered the issuance of a JDP. Pursuant to section 6—206.1(B)(d) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(d)), the Secretary, after reviewing the order for the JDP, returned the order to the trial court. Following a second hearing, the court found that "it still appears [that the] defendant may be [a] first offender," and resubmitted the order to the Secretary. The Secretary then brought the instant appeal.

The issue on appeal is whether, under the facts presented, the defendant was a first offender as defined in section 11—500 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500) and therefore eligible for a judicial driving permit. Section 11—500 states in pertinent part that a first offender is "any person who has not had a previous conviction or court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, *** within the last 5 years." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.) In the instant case, the defendant was arrested for DUI within five years of his receiving court-assigned supervision for the previous DUI charge. All other proceedings, including the entry of his guilty plea on the DUI charge, the filing of the petition for a JDP, and the granting of that petition, occurred after the five-year statutory period had run. The question is whether an arrest within the five-year period is by itself sufficient to remove the defendant from the statutory definition of a first offender.

■ When ambiguity is found in the wording of a statute it is necessary to examine related statutory provisions for evidence of the intended meaning. (*Amman Food & Liquor, Inc. v. Heritage Insurance Co.* (1978), 65 Ill. App. 3d 140, 382 N.E.2d 562.) A cardinal rule of statutory construction ordains that sections *in pari materia* should be considered with reference to one another so that the sections may be given harmonious effect. (*People v. Scheib* (1979), 76 Ill. 2d 244, 390 N.E.2d 872.) In fact, it is presumed that statutes which relate to one subject are governed by one spirit and a single policy, and that the legislature intended the enactments to be consistent. *People v. Maya* (1985), 105 Ill. 2d 281, 473 N.E.2d 1287.

■ Judicial driving permits are issued only to those persons whose driving privileges have been summarily suspended. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1.) We therefore focus on those provisions dealing with statutory summary suspension to determine the meaning of a "first offender" as defined in section 11—500. Those provisions are sections 2—118.1, 6—206.1, 6—208.1, 11—500, and 11—501.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, pars. 2—118.1, 6—206.1, 6—208.1, 11—500, 11—501.1).

Initially, it must be remembered that the summary suspension of driving privileges is a statutory proceeding which is civil in nature (*People v. Morrison* (1987), 155 Ill. App. 3d 1088, 508 N.E.2d 1186) and operates without regard to the resolution of the companion DUI case (*People v. Gerke* (1988), 123 Ill. 2d 85, 525 N.E.2d 68). Notice of the statutory summary suspension of driving privileges is served immediately upon arrest, or by mail if based on a subsequent analysis of

blood or urine collected at the time of the arrest, and takes effect on the 46th day following the date of notice. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.1(f—1), (g).) After a first offender, as defined in section 11—500, receives notice of the summary suspension of his driving privileges, he may petition the circuit court for a judicial driving permit. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a).) The definition of a first offender in section 11—500 is to be utilized for purposes of interpreting both section 6—206.1 and section 6—208.1. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.) The following provision is contained in section 2—206.1(B): "Effective January 1, 1987, the following procedures shall apply whenever a first offender is *arrested* for any offense as defined in Section 11—501 or a similar provision of a local ordinance: ***." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B).) Similarly, section 6—208.1(f) states in pertinent part that "subsequent to an *arrest* of a first offender, for any offense as defined in Section 11—501 or a similar provision of a local ordinance, following a statutory summary suspension of driving privileges pursuant to Section 11—501.1, for a first offender, the circuit court may issue a court order directing the Secretary of State to issue a judicial driving permit as provided in Section 6—206.1." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 6—208.1(f).

In looking at the statutory language as a whole, it appears that the date of arrest is the operative event in most actions taken under the provisions of the statutory summary suspension law. For the most part, the notice of the suspension is issued to the offender at the time of arrest. When the Secretary of State confirms the suspension, it appears that the Secretary looks to the date of the arrest to determine whether the offender is a first offender or a repeat offender. Section 6—206.1 sets forth the procedure for issuance of a JDP and states that that procedure is to be followed whenever a first offender is "arrested." Therefore, viewing the definition of a first offender in light of the language used in the statutes governing the summary suspension of driving privileges, we conclude that the dispositive question is whether the second DUI arrest occurs within five years of the disposition of the offender's previous DUI arrest.

■ In the instant case, the defendant was placed on supervision on December 21, 1982, and was again arrested for DUI on December 12, 1987. His second arrest for DUI occurred within five years of his receiving court-assigned supervision. He therefore was not a first offender as defined in section 11—500 and the circuit court had no authority to issue the driving permit. See *People v. Pine*, 129 Ill. 2d 88.

The judgment of the circuit court of Henderson County, insofar as

it granted the defendant a judicial driving permit, is reversed; the remainder of the judgment is affirmed.

Reversed in part; affirmed in part.

STOUDER, J., concurs.

JUSTICE HEIPLE, dissenting:

The sole question presented by this appeal is determining whether the defendant, Timothy L. Pence, was a first time offender under section 11—500 (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500) and therefore eligible for a judicial driving permit. Contrary to the majority holding, since more than five years had elapsed between the defendant's first and second offenses for driving under the influence of alcohol (DUI), the defendant was a first time offender within the meaning of the statute. Accordingly, I dissent.

Section 11—500 of the Illinois Vehicle Code provides in relevant part:

"For the purposes of interpreting Section 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a previous conviction or court assigned supervision for violating Section 11—501, *** within the last 5 years." Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.

Section 11—500 should be interpreted as pertaining to the dates of the violations themselves, not the dates of court orders or the dates of arrests. The dates of the actual DUI violations are the only dates of significance. These are the only events that are constant, certain and truly objective.

An arrest might occur at the time of the violation or some time later. A trial later still. If the reasoning of the majority is applied, it will result in uncertain, disparate and capricious results. In this very case, for instance, even accepting the rationale of the majority, had the defendant pleaded guilty or been tried and found guilty for his first offense at any time between his first violation on October 11, 1982, and December 11, 1982, his second offense on December 12, 1987, would have found him to be outside the five-year statutory period. Since, however, the defendant was first sentenced on December 21, 1982, and then arrested for a second offense on December 12, 1987, the majority finds the defendant to be within the five-year period.

The key language in the statute reads, "for violating Section 11—501, *** within the last 5 years." (Ill. Rev. Stat. 1987, ch. 95½, par.

11—500.) Here, the defendant's first DUI violation occurred on October 11, 1982. The defendant's second DUI violation then took place on December 12, 1987. Thus, a gap of more than five years existed between the two violations and the defendant was, within the definition of the statute, a first time offender when the second DUI violation occurred.