THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. WILLIAM H. HARDIN, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District   No. 2—89—1105

Opinion filed September 25, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellant.

Daniel J. Norton, of Belvidere, for appellee William H. Hardin.

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Jim Edgar, the Secretary of State, appeals from the order of the circuit court of Boone County directing him to issue a judicial driving permit (JDP) to the defendant, William H. Hardin. The Secretary contends that the defendant was not eligible for a JDP because he was not a "first offender" within the meaning of section 11—500 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500).

On May 7, 1989, the defendant was arrested and charged with driving under the influence of alcohol (DUI) in violation of section 11—501(a) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)). A test indicated that the defendant's blood-alcohol content was in excess of .10 when he was arrested; accordingly, on June 22, 1989, the defendant's license was suspended for one year pursuant to section 11—501.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). The defendant subsequently petitioned the circuit court of Boone County for the issuance of a JDP, and the court ordered the Secretary to issue a JDP.

The Secretary objected to the issuance of a JDP and asked the court to reconsider its order. The defendant's driving record reveals that on

January 11, 1984, the defendant received a six-month implied consent suspension of his driver's license pursuant to section 11—501.1 of the Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1). The Secretary argued that, because the definition of a "first offender" in section 11—500 specifically excludes any individual who has had a driver's license suspension under section 11—501.1 after January 1, 1982, the defendant was ineligible for a JDP. (See Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.) On September 28, 1989, the trial court reissued its order directing the Secretary to issue the defendant a JDP, and the Secretary now appeals. Our jurisdiction over the appeal is proper pursuant to Supreme Court Rule 301 (107 Ill. 2d R. 301). See *People v. Pine* (1989), 129 Ill. 2d 88, 99.

■■ Section 6—206.1 of the Code empowers the circuit court to order the Secretary to issue a JDP for restricted driving privileges so long as that person is a "first offender" as defined in section 11—500. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1.) We note, however, that both parties on appeal apparently misconceive which version of section 11—500 was in effect when the trial court made its ruling. The trial court ruling from which the Secretary appeals was made on September 28, 1989. The version of section 11—500 in effect on that date provides that a "first offender" does not include "any person who has *** had a driver's license suspension for Section 11—501.1 *within 5 years prior to the date of the current offense.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 95½, par. 11—500 (eff. Sept. 21, 1989).

■■ It is settled that new legislation may be applied in pending cases. In the absence of legislative intent to the contrary, a court is to apply the law in effect at the time of its decision, unless to do so results in manifest injustice. (*General Telephone Co. v. Johnson* (1984), 103 Ill. 2d 363, 383.) The law in effect at the time the trial court finally ordered the Secretary to issue a JDP provided that the defendant's prior suspension would make him a second offender only if it occurred within five years of the current offense. The prior suspension was effective on January 11, 1984; the current offense did not take place until May 7, 1989, more than five years later. Thus, the trial court correctly determined that the defendant is a first offender within the meaning of the law in effect when the ruling was made.

The order of the circuit court is affirmed.

Affirmed.

INGLIS and GEIGER, JJ., concur.