THE PEOPLE *ex rel.* JIM EDGAR, Secretary of State, Plaintiff-Appellant, v. WALTER G. WARNER, Defendant-Appellee.

First District (3rd Division)   No. 1—89—2990

Opinion filed December 31, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Jim Edgar, Secretary of State (the Secretary), appeals from an order of the trial court to issue defendant, Walter G. Warner, a judicial driving permit (JDP). (Ill. Rev. Stat. 1987, ch. 95½, par. 6—106.1.) We reverse.

On January 26, 1983, defendant was arrested for driving while under the influence of alcohol (DUI). (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.) On February 6, 1984, defendant was placed under court supervision.

On December 24, 1988, defendant was arrested again for DUI. Defendant was served immediate notice of summary suspension of his driving privileges pursuant to section 11—501.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). Defendant's driver's license was suspended effective February 8, 1989.

Defendant requested a JDP alleging, *inter alia,* that he was a "first offender" pursuant to section 11—500 of the Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.) Defendant also petitioned the court to rescind the suspension of his driver's license, and he filed a motion for consideration of supervision stating that he had "never been arrested in this or any other jurisdiction for any alcohol or drug related driving offense."

On June 2, 1989, the trial court ordered the Secretary to issue a JDP to defendant. On June 12, 1989, the Secretary wrote a letter to the clerk of the circuit court stating that he had no authority to issue said permit because defendant was not a "first offender" within the meaning of the Code. On October 6, 1989, the trial court reconsidered the matter and again ordered the Secretary to issue a JDP to defendant. On November 3, 1989, the Secretary filed a notice of appeal seeking to reverse the trial court's order of October 6, 1989. This appeal ensued.

The sole issue on appeal is whether defendant was a "first offender" as defined in section 11—500 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500) and was therefore eligible for a JDP.

■ Individuals who are arrested for DUI have their driving privileges summarily suspended. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B).) Defendants who are first offenders may seek limited driving privileges in the form of a JDP. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a); *People ex rel. Edgar v. Pence* (1989), 191 Ill. App. 3d 96, 99, 546 N.E.2d 1182, 1184.) For the purpose of interpreting section 6—206.1 of the Code, a "first offender" is "any person who has not had a previous conviction or court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance *** within the last 5 years." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500; see *Pence*, 191 Ill. App. 3d at 98, 546 N.E.2d at 1183-84.) "[T]he dispositive question is whether the second DUI arrest occurs within five years of the disposition of the offender's previous DUI arrest." *Pence*, 191 Ill. App. 3d at 99, 546 N.E.2d at 1184.

■ The record shows that defendant was placed under court assigned supervision on February 6, 1984, and that he was arrested again on December 24, 1988, less than five years after his supervision began on February 6, 1984. Therefore, defendant is not a "first offender" within the meaning of sections 11—500 and 6—201.1(B)(a) of the Code (Ill. Rev. Stat. 1987, ch. 95½, pars. 6—206.1(B)(a), 11—500), and he was not entitled to a JDP. The trial court erred when it ordered the Secretary to issue a JDP to defendant.

Accordingly, the order of the circuit court is reversed.

Reversed.

CERDA, P.J., and GREIMAN, J., concur.