THE PEOPLE OF THE VILLAGE OF FRANKFORT, Plaintiff, v. KRIS-
TINA KOTZ, Defendant-Appellee (Jim Edgar, Secretary of State, Appel-
lant).

Third District   No. 3—91—0007

Opinion filed January 7, 1992.

Roland W. Burris, Attorney General, of Springfield (Tanya Solov, As-
sistant Attorney General, of Chicago, of counsel), for appellant.

John Pennie, of Westchester, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the
court:

Jim Edgar, the Secretary of State (the Secretary), appeals from
the order of the circuit court of Will County directing him to issue a
judicial driving permit (JDP) to the defendant, Kristina Kotz. The
Secretary contends that the defendant is not eligible for a JDP be-
cause she is not a "first offender" within the meaning of section 11—
500 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1989, ch.
95½, par. 11—500 (eff. July 1, 1990)).

On September 12, 1990, Kotz was arrested for driving under the
influence of alcohol. She refused to submit to a chemical test, and the
Secretary therefore served her with notice of a two-year statutory
summary suspension of her driver's license, effective October 28,
1990. Ill. Rev. Stat. 1989, ch. 95½, pars. 6—208.1(a)(3), 11—501.1.

On November 5, 1990, the circuit court of Will County ordered
the Secretary to issue a JDP to Kotz permitting her to drive to and

from her place of employment. The Secretary refused to issue the JDP, stating that Kotz was ineligible because of a prior implied consent suspension that had become effective on March 26, 1985, and terminated on September 26, 1985. She therefore was not a first offender eligible for a JDP, because she had had another suspension within the past five years (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500).

Kotz filed a motion to reassess the issuance of a JDP, claiming that since her implied consent suspension had begun on March 26, 1985, it was more than five years prior to the September 12, 1990, arrest. She argued that she therefore was a first offender pursuant to section 11—500 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500). On December 3, 1990, the circuit court again ordered the Secretary to issue a JDP in accordance with the court's original order. The Secretary appeals.

On appeal, the Secretary argues that since the implied consent suspension did not terminate until September 26, 1985, it was within five years of the September 12, 1990, arrest. Consequently, Kotz should not be considered a first offender pursuant to section 11—500 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500).

The legislature recently clarified section 11—500 by defining a first offender to include "any person who has not had a driver's license suspension for Section 11—501.1 *within 5 years prior to the date of the current offense."* (Emphasis in original.) (Pub. Act 86—929, eff. Sept. 21, 1989 (amending Ill. Rev. Stat. 1987, ch. 95½, par. 11—500).) This clarification was used by the second district in *People v. Hardin* (1990), 203 Ill. App. 3d 374, 561 N.E.2d 326. In that case, the court held that a defendant was a first offender when his first suspension was effective on January 11, 1984, and his second *arrest* did not occur until May 7, 1989, more than five years later.

Even before the legislature clarified section 11—500, we held that the second *arrest* date must occur within five years of the disposition of the defendant's first offense. (*People ex rel. Edgar v. Pence* (1989), 191 Ill. App. 3d 96, 546 N.E.2d 1182.) Therefore, in the instant case, for the defendant to be classified as a first offender, her second arrest on September 12, 1990, must have occurred more than five years after her previous suspension.

The legislature has clarified that the second *arrest* date is the operative date which must occur within five years of the first statutory suspension in order for the defendant to be removed from the statutory definition of a first offender. However, the legislature has not attempted to clarify whether the second arrest must occur within five

years of the *imposition* of the first suspension or whether it must occur within five years of the *termination* of the first suspension.

The Secretary admits that this same issue was recently addressed by the second district in *People v. Hardin* (1990), 203 Ill. App. 3d 374, 561 N.E.2d 326. In that case, the second district concluded that the five-year statutory period should be calculated using the effective date of the first suspension rather than the suspension termination date. *People v. Hardin* (1990), 203 Ill. App. 3d 374, 561 N.E.2d 326.

The holding of the second district is consistent with this court's previous decision in *People ex rel. Edgar v. Pence* (1989), 191 Ill. App. 3d 96, 546 N.E.2d 1182. In *Pence*, we concluded that the crucial question was whether the second DUI arrest occurred within five years of the *disposition* of the offender's previous offense.

The Secretary argues that *Pence* is distinguishable because it involved a defendant whose first DUI resulted in *supervision* rather than *suspension*. We find no merit in the Secretary's argument. For purposes of determining first offender status, the language of section 11—500 does not indicate that a defendant whose first DUI resulted in a *suspension* should be categorized separately from a defendant whose first DUI resulted in *supervision*. Therefore, the underlying rationale of the *Pence* decision can be extended to cases involving suspension.

In the absence of any changes by the legislature, or a contrary opinion by the Illinois Supreme Court, we see no reason to modify the standard interpretation of section 11—500 that the second arrest must occur within five years of the *disposition* of the previous offense. *People ex rel. Edgar v. Pence* (1989), 191 Ill. App. 3d 96, 546 N.E.2d 1182; *People v. Hardin* (1990), 203 Ill. App. 3d 374, 561 N.E.2d 326; *People v. Kerr* (1990), 196 Ill. App. 3d 207, 552 N.E.2d 1329.

In the instant case, the disposition of the defendant's previous offense occurred on March 26, 1985, while her second arrest did not occur until more than five years later on September 12, 1990. Thus, the trial court correctly determined that the defendant was a first offender.

The order of the circuit court of Will County is affirmed.

Affirmed.

SLATER and HAASE, JJ., concur.