Filed 11/21/08          NO. 4-08-0178

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| GREGORY L. BOATMAN, | ) | No. 97CF1076 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant, Gregory L. Boatman, appeals the trial court's dismissal of his fourth motion for forensic testing filed pursuant to section 116-3 of Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/116-3 (West Supp. 2007)).  We reverse.

On December 18, 1997, a jury found defendant, Gregory L. Boatman, guilty of attempt (first degree murder of a peace officer) (720 ILCS 5/8-4(a) (West 1996)), two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 1996)), and unlawful possession of a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 1996)).  On January 30, 1998, the trial court sentenced him to two consecutive 60-year prison sentences for the aggravated-criminal-sexual-assault convictions to be served concurrently with a 14-year prison sentence for unlawful possession of a stolen vehicle and 160 years for attempt.  On direct appeal, defendant's attempt sentence was reduced to 60 years.

People v. Boatman, 312 Ill. App. 3d 340, 345, 726 N.E.2d 1178, 1182 (2000).

Initially, we note, this is the seventh time defendant's case has been before this court on appeal. The record shows he filed a direct appeal, appeals from denials of two postconviction petitions, an appeal from the denial of a motion to reduce his sentence, appeals from the denials of two previous motions for forensic testing, and this current appeal.

At defendant's trial, B.M. testified in connection with the aggravated-criminal-sexual-assault counts. She stated she entered a car being driven by a man she identified as defendant. She stated defendant sexually assaulted her while wearing a condom. After the assault, she and defendant cleaned themselves off with paper towels. B.M. reported the attack and was taken to the hospital where she was examined and a "rape kit analysis" was performed.

On October 25, 1999, defendant filed a pro se motion for forensic testing not available at trial regarding actual innocence pursuant to section 116-3 of the Code (725 ILCS 5/116-3 (West 1998)). He requested deoxyribonucleic acid (DNA) testing on paper towels that were taken into evidence and hair-sample analysis on exemplars taken from himself and B.M. On November 16, 1999, the State filed a motion to dismiss defendant's motion, arguing it was deficient on its face because it failed to contain

the allegation that the technology for the requested testing was not available at the time of trial. On February 11, 2000, the trial court granted the State's motion, stating defendant was convicted in December 1997, and "the technology for the testing contemplated by section 116-3 was available at the time of trial."

On June 9, 2001, defendant filed a second pro se motion for forensic testing pursuant to section 116-3. He asked for DNA testing on his clothing and hair-sample analysis on exemplars taken from himself and B.M. On June 13, 2001, the trial court denied defendant's motion, finding it contained the same allegations as his first motion for forensic testing and its order denying the first motion was a final order. Defendant appealed the court's decision. On appeal, the office of the State Appellate Defender (OSAD) moved to withdraw as appellate counsel. This court granted OSAD's motion and affirmed the lower court's judgment, stating as follows:

> "DNA testing and hair-sample analysis were available in 1997 when defendant was tried, and defendant had the opportunity to request those. He did not allege in his motion that a new type of testing was now available. Because defendant failed to allege that the testing technology he now re-

quests was unavailable at the time of trial, the dismissal of defendant's motion was proper. [Citation.]" People v. Boatman, No. 4-01-0616, slip order at 4 (October 23, 2002) (unpublished order under Supreme Court Rule 23).

On June 28, 2004, defendant filed a third pro se motion for forensic testing pursuant to section 116-3.  He requested testing on all of his and B.M.'s clothing and "also any certain hair sample[,] blood sample[,] whatevers [sic] at the [S]tate[']s request."  On June 30, 2004, the State filed a motion to dismiss defendant's motion, noting his previous two motions and asserting DNA testing was readily available at the time of his trial.  On July 20, 2004, the trial court denied defendant's motion.  It noted he failed to allege the requested testing was unavailable at the time of his trial.  Defendant appealed the court's decision.  On appeal, OSAD again moved to withdraw as appellate counsel.  This court allowed OSAD's motion to withdraw and affirmed the lower court's judgment, stating "[d]efendant's third motion for forensic testing was facially insufficient, as were his first two." People v. Boatman, No. 4-04-0755, slip order at 6 (February 21, 2006) (unpublished order under Supreme Court Rule 23).

On December 13, 2006, defendant filed his fourth pro se

motion for forensic testing pursuant to section 116-3. He requested DNA "testing type (STR-PCR)" of his and B.M's clothing and the "rape kit," all of which he alleged were not subjected to forensic testing at the time of his trial. On January 12, 2007, the State filed a motion to dismiss defendant's motion, arguing he failed to allege the requested testing was unavailable at his trial and his motion is barred by the doctrine of res judicata. On January 28, 2008, the trial court determined defendant failed to state a claim for relief under section 116-3 because he did not allege the requested testing was unavailable at the time of his trial. It granted the State's motion to dismiss.

This appeal followed.

On appeal, defendant argues the trial court erred by denying his fourth motion for forensic testing without first determining whether the requested testing technology was available at the time of his trial.

Section 116-3 of the Code (725 ILCS 5/116-3 (West Supp. 2007)) permits a defendant to move for forensic testing of evidence "secured in relation to the trial which resulted in his or her conviction." The defendant must present a prima facie case that identity was an issue at his or her trial and the evidence to be tested was subjected to a sufficient chain of custody. 725 ILCS 5/116-3(b)(1), (b)(2) (West Supp. 2007). The trial court should grant a defendant's motion when the results of

- 5 -

the testing would have "the scientific potential to produce new, noncumulative evidence materially relevant to the defendant's assertion of actual innocence" even if they may not completely exonerate the defendant and "the testing requested employs a scientific method generally accepted within the relevant scientific community."  725 ILCS 5/116-3(c)(1), (c)(2) (West Supp. 2007).  The court's denial of a section 116-3 motion for forensic testing is subject to <u>de</u> <u>novo</u> review.  <u>People v. O'Connell</u>, 227 Ill. 2d 31, 35, 879 N.E.2d 315, 317-18 (2007).

In between the time defendant filed his fourth motion for forensic testing in December 2006, and the time the trial court decided his motion in January 2008, section 116-3 was amended.  When defendant filed his motion, section 116-3(a) provided as follows:

"A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of *** forensic DNA testing *** on evidence that was secured in relation to the trial which resulted in his or her conviction, <u>but</u> <u>which</u> <u>was</u> <u>not</u> <u>subject</u> <u>to</u> <u>the</u> <u>testing</u> <u>which</u> <u>is</u> <u>now</u> <u>requested</u> <u>because</u> <u>the</u> <u>technology</u> <u>for</u> <u>the</u> <u>testing</u> <u>was</u> <u>not</u> <u>available</u> <u>at</u> <u>the</u> <u>time</u> <u>of</u> <u>trial</u>."  (Emphases added.) 725

- 6 -

ILCS 5/116-3(a) (West 2006).

Section 116-3 was amended in Public Act 95-688 (Pub. Act 95-688, eff. October 23, 2007 (amending 725 ILCS 5/116-3 (West 2006))). It now provides as follows:

"A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of *** forensic DNA testing *** on evidence that was secured in relation to the trial which resulted in his or her conviction, <u>and</u>:

(1) <u>was not subject to the testing which is now requested at the time of trial</u>; <u>or</u>

(2) <u>although previously subjected to testing, can be subjected to additional testing utilizing a method that was not scientifically available at the time of trial that provides a reasonable likelihood of more probative results</u>." (Emphases added.) 725 ILCS 5/116-3(a) (West Supp. 2007).

The amended version of section 116-3(a) was in effect

at the time the trial court denied defendant's motion. "In the absence of legislative intent to the contrary, a court is to apply the law in effect at the time of its decision, unless to do so results in manifest injustice." People v. Hardin, 203 Ill. App. 3d 374, 376, 561 N.E.2d 326, 327 (1990).

Here, defendant sought forensic testing of his and B.M.'s clothing and the "rape kit." He alleged none of those items was previously subjected to forensic testing at the time of his trial. Following the October 2007 amendment to section 116-3, it was sufficient for defendant to request forensic testing on evidence secured in relation to his trial and allege only that the evidence was not previously subject to the testing he was now requesting. It was not necessary for him to allege the testing was unavailable at the time of his trial unless he was seeking to subject the evidence to additional testing. Defendant's fourth motion for forensic testing was not insufficient for the reasons determined by the trial court or alleged by the State.

Additionally, given the intervening change in section 116-3, defendant's motion for forensic testing is not barred by the doctrine of res judicata.

For the reasons stated, we reverse the trial court's judgment.

Reversed.

MYERSCOUGH and COOK, JJ., concur.

- 8 -